UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 FEB 18  P 4:53
US [illegible]

PRISONER

Luis Fernandez

CASE NO. 3:02CV2252
(CFD)(W16)

V.

Feb. 9, 2004

John Armstrong, et al

### AFFIDAVIT IN SUPPORT OF PLAINTIFF OBJECTION TO DEFENDANTS ANSWER with AFFIRMATIVE DEFENSES

STATE OF CONNECTICUT
                          -SS-
COUNTY OF SUFFIELD

Plaintiff Luis Fernandez, being duly sworn, deposes and says:

1) That defendants John Armstrong, et al First Affirmative Defense fails to state a claim upon which relief may be granted is without merit were the plaintiff allegations in the Amended Complaint are clearly true and supported with attached marked Exhibits "A" threw "L" in the factual paragraphs "1" threw "10" and "1" threw "9" which entitle the plaintiff of Relief. Citing,

1) Chandler v. Baird, 926 F.2d 1057, 1063-65 (11th Cir. 1991) (Allegation of confinement without toilet paper, soap and toothpaste supported an Eighth Amendment claim); Scheyer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974).

2) Defendants John Armstrong, et al SECOND AFFIRMATIVE DEFENSE of qualified immunity is inapplicable in this case were the defendants have a responsibility imposed by statute as state actors, failure to perform it makes them liable even if s/he does not know about the resulting constitutional violation. Citing, Tatum v. Hooser, 642 F.2d 253 (8th Cir. 1981); Doe v. New York City of Social Services, 649 F.2d 134 (2d Cir. 1981); United States Ex. Rel. Larkins v. Oswald, 510 F.2d 583, 589 (2d Cir. 1975).

3) Defendants John Armstrong, et al. THIRD AFFIRMATIVE DEFENSE is inapplicable the defendants are still subject to civil suits in which as state officials they are the nominal defendants in this case and governmental immunity is inapplicable to injunctive and declaratory relief pursuant sovereign immunity, 440 U.S. 410, 420, even defendant John Armstrong as the Commissioner of the D.O.C. should have known of or knew of that subordinates actions violated clearly establish constitutional rights and as the Commissioner is liable for such

3) violations perpetuated by his subordinates. Citing Camilo-Robbles v. Hoyos, 151 F.3d 1, 6 (1th Cir. 1998).

4) Defendants John Armstrong, et al FOURTH AFFIRMATIVE DEFENSE by the immune from liability pursuant to Conn. Gen. Stat. § 4-165 and under the doctrine of sovereign immunity and their common law privileges and immunities does not applies to the defendants in this case. According to the courts, "Civilized standards of humane decency simply do not permit a man for a substantial period of time... to be deprived of the basic elements of hygiene such as soap and toilet paper," Citing Wright v. McMann, 387 F.2d 519, 526 (2d Cir. 1967), when defendants personal involvement means something more than simply having authority over another person who directly participated in the deprivation of the plaintiff rights, Citing Polk County v. Dodson, 454 U.S. 312, 325 (1984), it means something less than direct participation in action of inaction of wanton and reckless for the plaintiff rights, Citing Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060 (2d Cir. 1989); Also, Smith v. Wade, 461 U.S. 30, 50 (1983). And the doctrine of qualified immunity is inapplicable for violating Administrative Directive policy and Procedures Citing Scott v. Plante, 691 F.2d 634 (3d Cir. 1982).

5) Defendants John Armstrong, et al Fifth Affirmative Defense in this case the defendants are still subject to civil suits in which as state officials they are the nominal defendants in this case and Governmental immunity is inapplicable to injuctive and declaratory relief pursuant Sovereign immunity, 440 U.S. 410, 420, the defendants John Armstrong, et al admitted that at all times referenced in the plaintiff Amended Complaint, they acted under color of state law per 42 U.S.C. § 1983 (1994), where the plaintiff as a prisoner equally situated civilized standards of humane decency simply do not permit a man for a substantial period of time... to be deprived of the basic elements of hygiene such as soap and toilet paper, Citing LAREAU v. MACDOUGALL, 473 F.2d 974, 978 (2d Cir. 1972) and attached marked as exhibits "A" threw "L" in the factual paragraphs "1" threw "10" of Claim I and "1" threw "9" of claim II in the Amended Complaint is proof of the exhausted availables remedies sufficient for pleading purpose, Citing HARRIS v. FORD, _ F. Supp. 2d _, 1999 WL 38233 At *1 (D. Alaska January 26, 1999) were defendants John Armstrong, et al being sued had been exposed to information concerning the risk and thus must have known about it.... Citing FARMER v. BRENNAN, 511 U.S. 825, 837 (1994) as authority or authorization where Connecticut state law and D.O.C. Administrative Directives form the basis

5) of this Amended Complaint § 1983 which upholds plaintiff Prosawer's Right under Federal Statute Law. citing <u>Albright v. Oliver</u>, 510 U.S. 266 (1994).

6) Defendants John Armstrong, et al Sixth Affirmative Defense is inapplicable were the Federal Court having Jurisdiction under 28 U.S.C. § 1343(3) in this Amended Complaint § 1983 where defendants conduct complained of was committed by a person acting under color of State law. citing <u>Monroe v. Pape</u>, 365 U.S. 167, 184, 81 S.Ct. 473 (1961) And their conducts deprived the plaintiff of Rights, privileges, or immunities secured by the Constitution and laws of the United States. citing <u>Parratt v. Taylor</u>, 451 U.S. 527, 101 S.Ct. 1908, 1913 (1981).

7) Defendants John Armstrong, et al Seventh Affirmative Defense is inapplicable in this case were the plaintiff has attached marked as exhibits "A", "K", "G", and "L" showing the Grievances filed, some unanswered, others denied as sufficient Exhaustion, citing <u>Sisney v. Wyandotte County Detention Center</u>, ___ F.3d ___ (unpublished) 1999 WL 34815 At *1 (10th Cir. Jan. 28, 1999) And this documentation of Exhaustion attached marked in the Amended Complaint defendants failed to replied which are considered admitted per.

7) under Rule 5(d) F.R.C.P.

8) DEFENdants John Armstrong, et Al EIGHTH AFFIRMATIVE DEFENSE is inApplicAble in this CASE were Generally, damages for Emotional distress may be Awarded upon showing of intimidation, marital problems, weight loss, loss of sleep, shock, or humiliation Citing THOMPSON V. OPEIU, 74 F.3d 1492 (6th Cir. 1996), no physical injury is required.

9) DEFENdants John Armstrong et Al NINTH AFFIRMATIVE DEFENSE is inApplicable were defendants personal involvement means something more than simply having Authority over Another person who directly participated in the deprivation of the plaintiff Rights, citing POLK County V. Dodson, 454 U.S. 312, 325 (1984) it mean something less than direct participation in Action of inaction of wanton And Reckless for the plaintiff Rights citing AL-Jundi V. Estate of Rockefeller, 885 F.2d 1060 (2d Cir. 1989); Also, Smith V. WAde, 461 U.S. 30, 50 (1983)

RESPECTFULLY SUBMITTED

Luis Fernandez, Pro SE
M.W.C.I.
1153 East St. South
Suffield, CT 06080

I declare under the penalty of Perjury that the foregoing is true and correct to the best of knowledged.

Signed this 9th day of February, 2004.

_____
LUIS FERNANDEZ, PRO SE
ID. 279900