02CV2252pendmot

UNITED STATES DISTRICT COURT

2004 FEB 26  P 4: 24

DISTRICT OF CONNECTICUT

LUIS FERNANDEZ

v.                                                              PRISONER
                                    Case No.    3:02CV2252 (CFD)
JOHN ARMSTRONG, ET AL.

## RULING AND ORDER

The plaintiff seeks to default the defendants for failure to plead. The court granted the defendants an extension of time until January 31, 2004, to file their response to the complaint. Thus, the defendants are not in default and the motion for default is denied.

The plaintiff also seeks the appointment of pro bono counsel in this action. The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991).

The plaintiff indicates that he contacted three attorneys all of whom declined representation. The plaintiff's three attempts to secure legal representation are not sufficient to demonstrate to the court that the plaintiff is unable to find an attorney on his own.[1]

---

[1]   The plaintiff also states that he contacted an attorney from the Inmates' Legal Assistance Program. He claims the attorney refused to assist him because the

AO 72A
(Rev. 8/82)

02CV2252pendmot

The possibility that the plaintiff may be able to secure legal assistance or counsel independently precludes appointment of counsel by the court at this time. Accordingly, plaintiff's motion for appointment of counsel is denied without prejudice. Any renewal of a motion for appointment of counsel shall be accompanied by a summary of the plaintiff's attempts to obtain counsel or legal assistance from the Inmates' Legal Assistance Program, including the reasons why assistance was unavailable. Any letters received from counsel or the Inmates' Legal Assistance Program shall be attached to the motion.

### Conclusion

The Motion for Appointment of Counsel [doc. # 17] is DENIED without prejudice. The Motion for Default [doc. # 20 is DENIED.

SO ORDERED at Bridgeport, Connecticut, this 26th day of February, 2004.

/S/ *William I. Garfinkel*
William I. Garfinkel
United States Magistrate Judge

---

defendants were Department of Correction officials. He also claims that she told him the allegations in his complaint must demonstrate a prima facie case. It is not clear whether the attorney actually declined to assist the plaintiff with his case or whether she was simply informing of the terms governing any assistance she might be able to provide to him. In any renewed motion for appointment of counsel, the plaintiff is directed to include the dates he contacted Inmates' Legal Assistance, who he contacted and the response to his request. If the response is in the form of a letter, the letter should be attached to the motion.