UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LUIS FERNANDEZ

V.

JOHN J. ARMSTRONG, et al

: CASE NO. 3:02CV2252 (WIG)

: March 10, 2004

FILED
PRISONER
2004 MAR 18 P 3:07
U.S. DISTRICT COURT
BRIDGEPORT, CONN

## MOTION IN REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RESPOND & OBJECTION TO DEFENDANT ANSWER & AFFIRMATIVE DEFENSE DATED FEB. 9, 2004

Plaintiff, Pro Se hereby Replies to defendants Memorandum in opposition to plaintiff's Motion for Respond & Objection to defendant Answer & Affirmative Defense dated Feb. 9, 2004.

The defendants filed an Answer dating it January 22, 2004 And did not replied or objected to any of the Exhibits Attached in plaintiff's Amended Complaint in this Case Claim I paras 1-10 and in Claim II paras 1-9 were these factual paragraphs Are to be taken as Admitted pursuant under Rule 5(d), F.R.C.P.

The Court has the Authority to Grant any Motion Rule on Judgment or Allowed Response in which A party does not objects And does not

1 of 5

Replies too such as Admitted the Exhibits "A" threw "L" factual Assertions in the plaintiff's Amended Complaint in this Case Claim I paras 1-10 and Claim II paras 1-9 Attached and Marked Exhibits to be Accepted pursuant under Rule 5(d), F.R.C.P. See, Vital v. Interfaith Medical Ctr., 168 F.3d 615 (2d Cir. 1999) And McPerson v. Coombe, 174 F.3d 276 (2 Cir. 1999).

The defendants seem not to recognized the law in which supports the plaintiff objection to defendants Answer and Affirmative defenses dated Feb. 9, 2004 were the plaintiff Argues and cites in support the following:

1) Defendants First Affirmative Defense is without Merit and the plaintiff is entitle to Relief, citing, Conley v. Gibson, 355 U.S. 41, 75 S.Ct. 99 (1957); See, Also, Scheyer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974).

2) Defendants Second Affirmative defense is inapplicable for failure to perform its responsability Resulting in constitutional violations. Citing Tatum v. Hooser, 642 F.2d 253 (8th Cir. 1981); Doe v. New York City of Social Services, 649 F.2d 134 (2d Cir. 1981); U.S. ex. rel. Larkins v. Oswald,

510 F.2d 583, 589 (2d Cir. 1975).

3) Defendants Third AFFIRMATIVE defense is inapplicable in this case which as state officials they are the nominal defendants and Governmental immunity is inapplicable to injuctive and declaratory relief pursuant Sovereign immunity, 440 U.S. 410, 420. And defendant J. Armstrong knew of or should have known of subordinates actions of inactions clearly violated established Constitutional Rights and is liable, citing Camilo-Robbles v. Hoyos, 151 F.3d 1, 6 (1st Cir. 1998).

4) Defendants Fourth AFFIRMATIVE defense is inapplicable to violations of guarantee access to the Courts and Conn. Const Art. 1 § 10 were qualified immunity is inapplicable by law to violations of statutes. Citing, Bound v. Smith, 430 U.S. 817, 821 (1977), Lewis v. Casey, 116 S.Ct 2174, 2180 (1996), Harlow v. Fitzgerald, supra note 184, at 2739; Scott v. Plante, 691 F.2d 634 (3rd Cir. 1982).

5) Defendants Fifth AFFIRMATIVE defense is inapplicable to injuctive and declaratory relief, Citing Sovereign Immunity, 440 U.S. 410, 420, the plaintiff fundamental Constitutional Right by laws to access the Courts, Citing Bell v. Blatter, 175 F.3d 378, 391 (1999).

6) The defendants sixth Affirmative defense is inapplicable to Federal Court Jurisdiction, 28 U.S.C. § 1343(3) where defendants Conduct Admitted to be under color of State law As Complaint in this Amended Complaint § 1983 Are liable. Citing, MONROE V. PAPE, 365 U.S. 167, 184, 81 S.Ct 473 (1961); Also, PARRATT V. TAYLOR, 451 U.S. 527, 101 S.Ct 1908, 1913 (1981).

7) Defendants Seventh Affirmative defense is inapplicable to the documentation of Exhaustion Grievances Attached Marked in the factual paragraphs of plaintiff Amended Complaint Claim I paras 1-10 and in Claim II paras 1-9 As Exhibits. Citing SISNEY V. WYANDOTTE County DETENTION CENTER, ___ F.3d ___ 1999 WL 34815 At *1 (10th Cir. Jan. 28, 1999).

8) DEFENDANTS EIGHTH Affirmative defenses is inapplicable were even in a damage suit the plaintiff Showing the Court Access system is inadequate, No proof of harm is required. Citing, REUTCKE V. DAHM, 707 F.Supp. 1121, 1129 (D. Neb. 1988); Also, FARMER V. BRENNAN, 511 U.S. 825, 837 (1994).

9) DEFENDANTS NINTH AFFIRMATIVE defense is inapplicable to their Admittions of Acting under Color of State law and defendants failing to Act on information indicating that unconstitutional practices are taking place shall be

Liable under § 1983. Citing, Adickes v. S.H. Kress & Co., 398 U.S. 144, 162-69 (1970); Young v. Selsky, 41 F.3d 47, 52 (2d Cir. 1994); Cleavinger v. Saxner, 474 U.S. 193, 194, 206 (1985); And Also, Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996).

RESPECTFULLY SUBMITTED

Luis Fernandez  Pro Se
M.W.C.I.
1153 East Street South,
Suffield, CT 06080

CERTIFICATION

I hereby Certify that a copy of the foregoing has been sent, via U.S. Mail to the following defendants Attorney this 10th day of March, 2004:

Attorney Robert F. Vaccheli,
Ass. Att. Gen.
110 Sherman St.,
Hartford, CT 06105

Luis Fernandez
Pro Se