## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | | PRISONER |
| LUIS FERNANDEZ | : | CIVIL NO. 3:03CV2252 (CFD)(WIG) |
| v. | : | |
| JOHN ARMSTRONG, ET AL. | : | MARCH 16, 2004 |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN REPLY TO DEFENDANTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR RESPOND & OBJECTION TO DEFENDANT ANSWER & AFFIRMATIVE DEFENSE DATED MARCH 10, 2004

The defendants, John Armstrong, et al., by and through their undersigned counsel, hereby oppose plaintiff's pleading entitled "Motion in Reply to Defendants' Memorandum in Opposition to Plaintiff's Motion for Respond & Objection to Defendant Answer & Affirmative Defense" dated March 10, 2004. The pleading appears to be a reply memorandum, but, to the extent that it is labeled as a motion, requiring response, the defendants hereby oppose this motion as well as the plaintiff's original motion of February 9, 2004.

Plaintiff apparently seeks a court order establishing defendants' admission as to all claims made in plaintiff's Amended Complaint in this case Claim I paras. 1-10 and Claim II paras. 1-9 and in the attached exhibits, purportedly pursuant to Rule 5(d) F. R. Civ. P. No such order should enter. Defendant denied all claims "wherever situated or labeled in the Complaint" except those specific points they admitted, and plaintiff's exhibits were not admitted. See, Defendants' Answer with Affirmative Defenses dated January 22, 2004. Moreover, Rule 5(d) contemplates no such authority for the court to enter such an order requested by plaintiff.

Also, plaintiff appears to move to dismiss or seeks judgment on the affirmative defenses indicating that none of defendants' Affirmative defenses are meritorious or applicable. We urge the court to reject this effort as well. All of the Affirmative Defenses spell out defenses recognized in the law: First Affirmative Defense, Miree v. DeKalb County, 433 U.S. 25, 27 n. 2, 97 S. Ct. 2490, 53 L.Ed.2d 557 (1977); Second Affirmative Defense, Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); Third Affirmative Defense, Harlow v. Fitzgerald, 457 U.S. 800, 868, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); Fourth Affirmative Defense, Conn. Gen. Stat. § 4-165; Fifth Affirmative Defense, Martin v. Brady, 261 Conn. 372 (2002); Sixth Affirmative Defense, United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Seventh Affirmative Defense, Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 982, 152 L.Ed.2d 12 (2002); Eight Affirmative Defense, Cox v. Malone, 199 F. Supp. 2d 135, 139 (S.D.N.Y. 1997); Ninth Affirmative Defense, McKinnon v. Patterson, 568 F.2d 930, 934 (2nd Cir. 1977) cert. denied 434 U.S. 1087 (1978). Their applicability depends on the facts which have not been established by plaintiff.

An identical Motion was denied in Fernandez v. Armstrong, Civ. No. 3:03 CV 583 (Ruling and Order, February 12, 2004) Attachment A.

Accordingly, we urge the court to rule likewise in this case and deny plaintiff's Motion.

DEFENDANTS
John Armstrong, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:    /s/
Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct05222
E-Mail:  robert.vacchelli@po.state.ct.us
Tel.: (860) 808-5450
Fax: (860) 808-5591


## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 16th day

of March, 2004:


Luis Fernandez, Inmate No. 279900
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT 06080


/s/
Robert F. Vacchelli
Assistant Attorney General

3