UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez

United States District Court
District of Connecticut
FILED AT BRIDGEPORT
May 18, 2004
Kevin F. Rowe, Clerk
By S. Baldwin

PRISONER

vs.

CASE NO. 3:02CV2252
(CFD)(WIG)

Commissioner John Armstrong, et al:    May 14, 2004

## PLAINTIFF RENEW MOTION FOR APPOINTMENT OF COUNSEL

The plaintiff respectfully seeks the Court to Appoint Counsel Pro Bono in this case pursuant 28 U.S.C. § 1915 (d) and 42 of the United States Code § 1988 (1994) for the following reasons the Court should consider Appointment of Counsel.

1. The plaintiff Luis Fernandez Pro Se is currently being held at MacDougall-W.C.I., has been granted the request to proceed without prepayment of fees or costs under 28 U.S.C. § 1915, see Court Record I.F.P. statuts pursuant Rule 10(A), F.R.C.P. granted where the Court should consider for Appointment of Pro Bono Counsel per 28 U.S.C. § 1915 (d), Citing Davis v. United States, 214 F.2d 594 (1954); Also, Speaks v U.S., supra note 56., the Amended Civil Complaint clearly established defendant's Commissioner John Armstrong, et al. acted under color

1 of 5

of law and deprived the plaintiff of federal (guarantee) rights, citing BERG v. County of ALLEGHENY, 219 F.3d 261 (3d Cir. 2000) which defendants do not dispute.

2. The Court should Consider Plaintiff unable to Employee Counsel pursuant 28 U.S.C. § 1915 (d) for requesting Counsel representation. Citing BOUND v. SMITH, 430 U.S. 817, 97 S.Ct. 1491 (1977); and LAND v. HUTTO, 467 F.Supp. 562 (E.D. VA. 1979).

3. The Court should Consider also appointment of Counsel where Counsel is able to explain the applicable legal principles to the Complainant and limit litigation to potentially meritorious issues. In addition, appointment of Counsel provides the unlettered plaintiff with an opportunity to obtain the representation equally qualified with the professional Counsel usually provided by the states for the defendants. citing, WRIGHT v. DALLAS County SHERIFF'S Dept., 660 F.2d (1981), quoting, KNIGHTON v. WATKINS, 616 F.2d 759 (5th Cir. 1980).

4. The Court should Consider the appointment of Counsel in this case were the entitle fees to the Attorney Appointed would be determined by the Court and paid by the defendants 42 U.S.C. §1988 (1994) citing, HENSLEY v. ECKENHART, __ U.S. __ 103 S.Ct. 933 (1983).

5. The Court should Consider Appointing Counsel in this Case do to the plaintiff past medical evaluation of paranoid disorder and depression infliction which clearly justifies Appropriate an Appointment of Counsel were colorable claim has been presented. See Attached and Marked as Exhibit 1 MENTAL HEALTH SERVICE RESPONSE date 6/18/01 referring depression and paranoid. Citing Hamilton v. Leavy, 117 F.3d 742, 749 (1997).

6. The Court should Consider Appointing Counsel for the plaintiff in this Case were the plaintiff is unable to present the Case do to the lacking of legal materials, and jail house lawyer assistance, the plaintiff has no law school education and as a spanish speaking person the legal issues are to complex to litigate himself nor does the Dept. of Corrections provides adequate law library containing upto date materials for sheplerdicing this case, citing Bound v. Smith, 430 U.S. 817 (1977); Younger v. Gilmore, 404 U.S. 15 (1971), which prejudice obstructs the plaintiff position to investigate the award facts needed to prove the claims. citing Slavin v. Curry, 690 F.2d 446 (1982); Also, Murrell v. Bennett, 615 F.2d 306, 311 (1980).

7. The Court should Consider the Complexity of the legal issues raised by the plaintiff for Appointing of Counsel where the need for Expert witness(es) for the conflicting testimony requiring skill in presentation of evidence

3 of 5

undisputed thereby marked in the Amended Complaint as Exhibits "A" thru "L" of material facts will be at issue in this Case. Citing BASS V. PERRIN, 170 F.3d 1312, 1320 (1999).

8. The Court should Consider the exceptional circumstances from the Motion filed with this Court for Appointment of Counsel [doc. #17] and the presentation of Plaintiff Amended Complaint with material facts exhibits Attached marked were Credebility of expert witness(es) will be at issue in this Case. Citing TABRIN V. GRACE, 6 F.3d 147, 155-58 (1993); and, LAVADO V. KEOHANE, 992 F.2d 601, 606 (1993).

## LEGAL GROUNDS

This Motion is filed pursuant to Civil Right Acts 42 U.S.C § 1983, 28 U.S.C. § 1915 (d), 42 U.S.C. § 1988 (1994) Citing HODGE V. POLICE OFFICERS, 802 F.2d 58, 61 (2d cir. 1986) cert. denied, 502 U.S. 996 (1991); TABRONE V. GRACE, 6 F.3d 145, 155-58 (1993); And BOUND V. SMITH, 430 U.S. 817, 97 S.Ct. 1491 (1977) where Exceptional circumstances for Appointment Pro bono Counsel reasonably demostrated and Appropriate for the plaintiff justifying merits in this Case Colorable for the Court to Grant this Motion an Appoint Counsel.

4 of 5

RESPECTFULLY SUBMITTED

Luis Fernandez  pro se
M.W.C.I.
1153 East St. South,
Suffield, CT 06080

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent to the following this 14 day of May, 2004.

Robert F. Vacchelli,
Ass. Attorney General
110 Sherman Street,
Hartford, CT 06105

The Plaintiff
Luis Fernandez

5 of 5



HR501 REV.5/94
CONNECTICUT DEPARTMENT OF CORRECTION

# REQUEST FOR MENTAL HEALTH SERVICES

| DATE OF REQUEST | INMATE REQUEST | REFERRED BY/TITLE |
|---|---|---|
| 6/18/01 | Y / N | self |

| INMATE NUMBER | DATE OF BIRTH |
|---|---|
| 279900 | |

| INMATE NAME (LAST, FIRST, INITIAL) | | | |
|---|---|---|---|
| Fernandez, Luis | | | |
| SEX | RACE/ETHNIC | | FACILITY |
| M / F | B W H O | | |

**DESCRIBE REASON FOR REQUEST/REFERRAL:**

Depression. Paranoid

See attached

## MENTAL HEALTH SERVICES RESPONSE

| DATE REQUEST RECEIVED | REFERRED TO | DATE CLIENT SEEN | SERVICE PROVIDER/TITLE |
|---|---|---|---|
| 6/08/01 | M-H | | |

**SERVICE PROVIDED/RESPONSE:**

PR

SCHEDULE DATE:    YES ☐    NO ☐

_____    _____
MENTAL HEALTH PROVIDER'S SIGNATURE/TITLE         DATE