STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2004 MAY 18 P 5:48

U.S. DISTRICT COURT
BRIDGEPORT CONN

, ernandez

PRISONER

Case No. 3:02 CV2252
(CFD) (WIG)

JOHN ARMSTRONG, et.al.                    :         MAY 14, 2004

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

This action is by state Prisoner, 42 U.S.C. §1983, and Jurisdiction Also is invoked pursuant to 28 U.S.C. § 1343 (A)(3), for violation of First, fourteenth and Eighth Amendment Rights privileges and/or immunities secured by the Constitution and laws caused by persons acting under color of law. The defendants while acting under color of law deprived the plaintiff of the basic elements of hygiene items and obstructed meaningful reasonable access to the court and deny social lettering as well as the failing to promulgate ADM. Directives and D.O.C. policy.

The plaintiff Rely's on evidence sufficient to support a Jury verdict in his favor because:

1. The eleventh Amendment does not bar either

1 of 24

injunctive or damage suits against individual officials or Prison employees. Also, eleventh amendment does not bar this action against the defendants in their official capacities for violation of Prison Regulations which weigh against immunity.

2. Prospective relief are not suits against the state permits the use of § 1983 when such relief is sought.

3. The Court may also grant injunctive relief if a real and immediate threat exists that the plaintiff will be the victim of an unconstitutional action.

4. The plaintiff allegations in the Amended Complaint are clearly true and supported with attached marked exhibits in the factual paragraphs which entitle the plaintiff of Relief.

5. The defendants participation or responsibility are demonstrated in action of inaction of wanton and reckless for the plaintiff Right.

6. The defendants qualified immunity is inapplicable in this case.

7. The District Court has Jurisdiction in this case.

# SPECIFIC FACTS

The plaintiff is currently in custody of the Dept. of Correction's of Mcdougall W.C.I. in suffield, Ct. After being transfered from cheshire C.I. in Cheshire As defendants Attempt to 'moot' the injunction relief requested in the Amended Complaint. Plaintiff statement PARA 1. The plaintiff is serving A none violent Crime sentence currently were After sentence he was transfered from WALKER Correctional Ins. in suffield, Conn. to CHeshire C.I. At CHeshire, Ct. on Nov. 9, 2001 Approx. 9:00 pm Friday. Plaintiff statement para. 2. The plaintiff Amended Complaint consist of undisputed Attached Marked exhibits 'A' thrww 'L' in the factual paragraphs '1' thrww '10' in Claim I and '1' thrww '9' factual paragraphs in Claim II. Plaintiff Statement para 3. The plaintiff is not A threat to the Dept. of Correctional in Connecticut Nor A safety or security problem to a staff or an inmate. Plaintiff Statement para 4. The plaintiff while currently at cheshire D.O.C. in Cheshire, CT was deprived of the basic items of humman need to keep A clean hygiene, denied Access to the Courts and social letter depriving him for no reason at all of the Minimal Civilized measure of life's necessities, Opportunity to shower, wash and brush his teeth by Obstructing and barrier's placed denying and rejecting Remedies. Plaintiff statement para 5. The Department

of Correctional Cheshire where the plaintiff was held did not provided inmate's who cannot afford to purchase items in the Commissary with basic items of hygiene nor social letter or meaningful assistance for accessing the Courts. Plaintiff statement para 6. The plaintiff requested 'care' package and life's necessities for week's while holding in his spendable account balance of 0.16 ¢ which requests were not honered leaving the plaintiff without the minimal civilized measure of lief's necessities and deprived of basic items of human need to keep a clean hygiene. Plaintiff statement para 7. Even after the plaintiff was moved from North Block 1 cell 18 on 8/12/02 to South Block 6 cell 03 no reasonable or meaningful assistance was provided to access the Courts and deprived of the minimal civilized measure of life's necessities with no justification while holding in his inmate trust account spendable balance 0.16 ¢ acknowledged by defendant Grievance Coordinator Ahmed. Plaintiff Statement para 8. On about August 7, 2002, the plaintiff submitted line Grievance form A, Level 1 regarding the deprivation of basic items of hygiene while not able to purchase items in the Commissary which disposition denied and reviewed by defendant Warden Hector Rodriguez on 8/9/02 were the plaintiff Appealed by submitting on 9/17/02 an inmate Grievance form B, Level 2 & 3 but no Appeal disposition or review was provided or a respond to the Inmate Grievance form B, Level 2 & 3.

Plaintiff statement para 9. There was no isolated reasons to deprived the plaintiff of basic elements of hygiene were defendants C.T.O. Wanda Booker, H. Rodriguez, and Ahmed did so arbitrarily when fair procedures that would have prevented arbitrariness were ignored. Plaintiff statement para. 10. The defendant Counselor Gallick intentionally obstructed and interfiered with plaintiff meaningful access to the Court and denied hygiene items for the purpose of punishing the plaintiff for filing line Grievances which the plaintiff submitted on 8/19/02 an line emergency Grievance Form A, level 1 return disposition rejected by the reviewer defendant Warden Hector Rodriguez and appealed on 8/23/02 submitting an Inmate line Emergency Grievance Form B, level 2 & 3, but no disposition or respond was provided to this Administrative Procedure. Plaintiff statement para 11. Futhermore, the plaintiff had petition the government for reddress of grievances against the defendants who failed to act or provide meaningful reasonable Assistance with basic elements of hygiene items and Access to Court and social lettering. Plaintiff statement para 12. Moreover, the defendant Grievance Coordinator Ahmed acknowledge plaintiff lack of basic hygien items and without shower for weeks. Plaintiff statement para 13. Also, defendant Warden Hector Rodriguez was aware or should have

known of plaintiff's status without funds to purchase items in commossary and that weeks had passed where the plaintiff was not able to shower or brush his teeth which love Grievance submitted provided this information to the reviewer defendant Warden Hector Rodriguez. Plaintiff Statement para 14.

## SUFFICIENT EVIDENCE IN OPPOSITION TO SUMMARY JUDGMENT

The plaintiff has submitted as evidence Exhibits 'A' thru 'L' in the factual paragraphs '1' thru '10' in claim I and 'I' thru '9' factual para. in claim II which are undisputed favoring the plaintiff for a jury to return a verdict in his favor citing Anderson v. Loberty Lobby, Inc, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986). Also, the plaintiff has submitted an Affidavit in opposition to defendants motion for summary Judgment with Exhibits '1' thru '5' in support. The District Court must be sensitive to problems of Pro se plaintiff in civil Rights Actions and not be too quick too dismiss Complaint for failure to state technical Cause of Action., citing MARTIN v. WAINWRIGHT, (1976, CA 5 Fla) 526 F.2d 938. In other words, Pro se Complaints under 42 U.S.C § 1983 are held to

Less stringent standards than formal pleading drafted by lawyers, citing Cruz v. Cardwell, (1973, CA 8 Mo) 486 F. 2d 550.

## ARGUMENT

1. The eleventh Amendment does not bar this Action Against the defendants in their official Capacities.

In this case, the eleventh Amendment is inapplicable were defendants failures to perform their responsibility resulting in Constitutional violations, citing, Tatum v. Hooser, 642 F. 2d 253 (8th cir. 1981); Doe v. New York City of Social Services, 649 F. 2d 134 (2d cir. 1981); U.S. Ex. Rel Larkins v. Oswald, 510 F. 2d 583, 589 (2d cir. 1975). Specific, eleventh Amendment does not bar either injunctive or damage suits Against individual officials or person employees. Citing Spicer v. Hilton, 618 F. 2d 232, 237 (3d cir. 1980). The defendants John Armstrong, et al are still subject to civil suits in which as state officials they are the nominal defendants in this case and Governmental immunity is inapplicable to injuctive and declaratory relief pursuant Sovereign immunity 440 U.S. 410, 420. This suit for damages Against the defendants John Armstrong, et al

is in his/her individual and official capacity,
citing <u>Jacobson</u> v. <u>Coughlin</u>, 523 F. Supp. 1247,
1248-49 (N.D.N.Y. 1981). Even, individual
capacity suit against state official upheld even
when official's actions cloaked with state
Authority and could not have been effectuated
if acting only in personal capacity, citing <u>Hafer</u>
v. <u>Melo</u>, 502 U.S. 21, 25-29 (1991). The
eleventh Amendment does not bar this action
Against the defendants in their official capacities
for violation of Prison regulations which weigh
Against immunity. citing <u>Schcoer</u> v <u>Rhodes</u>,
416 U.S. 232, 238, 94 S.Ct. 1683 (1974); and
<u>Spicer</u> v. <u>Hilton</u>, supra note 148, At 236.

2. Prospective Relief Are not suits Against the state
   permits the use of § 1983 when such relief
   is sought.

The plaintiff As an inmate suing under § 1983
for injunctive relief must sue state and
prison official in their official capacities were
prospective relief Are not suits Against the state,
permits the use of § 1983 when such relief is
sought. <u>See</u> <u>Will</u> v. <u>Michigan Dept. of State</u>
<u>Police</u>, 491 U.S. At 71 N.1.
The entity's eleventh Amendment immunity varies
depending upon the nature of the relief sought:

The Courts have upheld state prison officials not Absolutely immune from personal liability from individual capacity suit Against state prison officials such as in this Amended Complaint. (see plaintiff Amended Complaint with Exhibits Attached And Marked)., citing White v. Gregory, 1 F.3d 267, 270 (4th cir. 1993). The plaintiff relief serves to bring An end to a present violation of federal law is not barred by the 11th Amendment even though accompanied by substantial Ancillary effect on a state's treasury. Citing Papasan v. Allain, 478 U.S. 265, 278 (1986); Also, 11th Amendment not bar to enhancement of fee Award Ancillar to prospective Relief Against State. Citing Missouri v. Jenkins, 491 U.S. 274, 280 (1989); Also, Andrus Ex. Rel. Adams v. Arkansas, 197 F.3d 953, 954 (8th cir. 2000) " individual capacity Claims Against (Police) officer not barred As claims Against the state when injuctive relief is sought."

3. The Court may Also grant injunctive relief if A real and immediate threat exists that the plaintiff will be the victim of An unconstitutional Action.

The supreme Court has held An inmate's section 1983 claim Against one correctional facility does not becomes moot because he or she is later

transferred to another facility, citing BOAG V. MacDougall, 454 U.S. 364, 364-65 (1982) " PRISONER's transfer to another facility did not moot damage claim arising from solitary Confinement at original facility" The Court should also consider that the transfering of the plaintiff not only does not 'moot' the injunctive relief it also shows defendants retaliate against or harass the plaintiff because of plaintiff exercise of his right of access to the Courts. citing Clarke V. STALDER, 121 F.3d 222 (5th cir. 1997).

In this case, the plaintiff injunctive relief is requesting para 7 an Immediately arrange for a restrain order against the defendants from retaliating, threatening, harming or depriving the plaintiff of any priviliges pursuant to Administration Directives, state and Constitutional law while being currently incarcerated; and successfully claimed denial of first Amendment, denial of access to the Court and cruel and unusual punishment, citing Williams V. LANE, 851 F.2d 867, 883-84 (7th cir. 1998). However, Amends undertaken under pressure of litigation generally do not moot injunctive Claims, citing City of MESQUITE V. ALADDIN'S CASTLE, 455 U.S. 283, 289 (1982); And Gluth V. KANSAS, 951 F.2d 1504, 1507 (9th cir. 1991).

4. The plaintiff Allegations in the Amended Complaint Are Clearly true and supported with Attached Marked Exhibits in the factual paragraphs which entitle the plaintiff of Relief.

A. The plaintiff Allegations in the Amended Complaint are clearly true and supported with Attached Marked Exhibits 'A' thru 'L' in the factual paragraphs "1" thru "10" And '1' thru '9' which entitle the plaintiff of Relief. Citing Chandler V. Baird, 926 F.2d 1057, 1063-65 (11th Cir. 1991) "Allegation of Confinement without toilet paper, soap and toothpaste supported an Eighth Amendment Claim"; Also, Scheuer V. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974). The plaintiff had been denied the basic hygiene items of civilized standards of humane decency before the filing of August 7, 2002 line Grievance, (see Amended Complaint Exhibit 'A' and plaintiff Affidavit) where According to the Counts, "civilized Standards of humane decency simply do not permit a man for a substantial period of time ... to be deprived of the basic elements of hygiene such As soap And toilet paper", Citing Wright V. McMann, 387 F.2d 519, 526 (2d Cir. 1967). The plaintiff only received one care package on August 14, 2002 After he had been requesting hygiene items for weeks before filing line

grievances and only after filing the line Grievances a care package was provided were defendant Grievance coordinator Ahmed acknowledge the plaintiff status as unable to buy Commissary items to keep a clean hygiene (see Amended Complaint and plaintiff Affidavit para 8) citing CARVER V. Busch, 946 F.2d 451, 452 (6th Cir. 1991)" Allegation of two-week denial of personal hygiene items stated an eighth amendment Claim." Furthermore, the plaintiff was without funds before August 7, 2002 holding in his spendable account .16¢. (Plaintiff Affidavit para 6.). The Grievances submitted regarding the basic hygiene items were denied and rejected. (see Amended Complaint Exhibits and plaintiff Affidavit). The defendants Alleged "record" lack of any hygiene products provided on before August 19, 2002. (Plaintiff Affidavit para 7). Citing WILLIAMS V. ICC Committee, 812 F. Supp. 1029, 1032 (N.D. Cal. 1992)("deliberate denial to toilet paper and soap for any extended period" would violate the Eighth amendment); and CARVER V. Knox County, Tenn., 753 F. Supp. At 1389, "Failure to provide soap, razors, combs, toothpaste, toilet paper, Access to mirror, sanitary napkins violated Constitution".

The denial of shower required to the limited of three shower's a week in general population in nonemergency Condition "deprives the plaintiff

of basic hygiene and threatens his physical and mental well-being. Citing, Tillery V. Owens, 719 F. Supp. At 1272 ; Richardson V. Sheriff of Middlesex County, 407 MASS. 455, 553 N.E. 2d 1286, 1291 (MASS. 1990) "one shower for 60 prisoner's violated pre-trial detainee's Rights".

However, the reasons to be deprived with the basic elements of hygiene are isolated not by deliberate indifference to the plaintiff's need for basic elements of hygiene, citing Hoptowit V. SPELLMAN, 753 F.2d 779, 783 (9th cir. 1985); and CARVER V. Bunch, 946 F.2d 451, 452 (6th cir. 1991). In fact, the plaintiff has exhausted available remedies sufficient for pleading purposes, (see plaintiff Amended Complaint and Plaintiff Statement para 3). Citing Harris V. Ford, — F. Supp. 2d — 1999 WL 38233 At *1 (D. Alaska, Jan. 26, 1999). were defendants John Armstrong, et al being sued had been exposed to information concerning the risk and thus' must have known about it ---- As Authority OR authorization where Connecticut State law and D.O.C. Administrative Directives form the basis of this Amended Complaint § 1983 which upholds plaintiff Prisoner's Right under Federal Statute law. Citing Albright V. Oliver, 510 U.S. 266 (1994).

B. The United States Constitution And the Connecticut Constitution guarantee Prisoner's Access to State And Federal Courts. Citing Bounds V. Smith, 430 U.S. 817, 821 (1977); see, Also, Conn. Constitution Art. 1 §10. The plaintiff must be permitted Court Access that is "Adequate, effective And meaningful", According to the Courts to challenge violations of Constitutional Rights. see Ex. Parte Hall, 312 U.S. 546, 85 L. Ed 1034, 61 S.Ct 540 (1941). The Supreme Court stated it is now established beyond doubt that Prisoner's have A Constitutional Right of Access to the Court citing the DUE PROCESS Clause, the EQUAL protection clause, the First Amendment, And the privileges And immunities Clause of Article IV of the Constitution As the basis for the Right. Also, the Supreme Court has stated "litigation undertaken in good faith by A Prisoner motivated to bring About social change And protect Constitutional Rights in the Prison enjoys First Amendment Protection. Citing MURRAY V. GIARRATANO, 492 U.S. 1, 11 N.6, 109 S.Ct. 2765 (1989); SIMMONS V. DICKHUNT, 804 F.2d 182, 182 (1st Cir. 1986); Also, ADAMS V. JAMES, 784 F.2d 1077, 1081-82 (11th Cir. 1986). In Fact, the plaintiff is entitled to A reasonable number of stamps for legal mail And NonPriviledged mail which "Additional free Correspondance to Court And Attorneys may be Authorized by the Unit Administrator based upon the reasonable

Needs of the inmate", per. ADM. DIR 10.7 (4)(D)
Citing Gittens v. Sullivan, 848 F.2d 389, 390
(2d Cir. 1988), but the defendants denied and
rejected to reasonable meaningful provide obstructing
and barrier placed in accessing the court and
denied mailing of social lettering, (see Plaintiff
Amended Complaint and plaintiff Affidavit) where
defendant Counselor Gallick denied to provide
or assist with requested envelopes until approx
15 months After on Oct. 8, 2003 when defendant
Counselor Gallick Allegedly "verified" the plaintiff
to be Indigent. (See Attached marked Exhibit
6 As inference of the wanton and reckless
Action of inaction Against the plaintiff) [A] systemic
denial of inmate Constitutional Right of access to
the Courts is such a fundamental deprivation that
it is an injury itself. Citing HERSHBERGER v.
SCALETTA, 33 F.3d 955, 956 (8th Cir. 1994).
Even in a damage suit, if the prisoner shows the
Court Access system is inadequate, no proof
of harm is required were in this case defendants
failed to adhere to line Grievances procedures
which Grievance(s) submitted regarding Court
Access shows system inadequate. (Plaintiff
Amended Complaint Exhibits and Plaintiff Affidavit).
Citing Reutcke v. Dahm, 707 F. Supp. 1121, 1129
(D. Neb 1988). In this case, the plaintiff
Clearly haves a Constitutional protected Right to

ACCESS to the Courts such as a delay, may result in a Constitutional deprivation. Citing CHRICCOL V. PHILLIPS, 169 F.3d 313 (5th Cir. 1999). The fact that the plaintiff filed a Complaint does not disprove a Court ACCESS Claim. Citing ACEVEDO V. FORCINITO, 820 F.Supp. 886, 888 (C.D.N.J. 1993). The I.L.A.P. Contract with D.O.C. Strictly limits I.L.A.P. to giving advice on Court legal issues and procedures. ( Plaintiff Affidavit para 11. ) The defendants failures to promulgate D.O.C. ADM. Directives, Policy Grievance procedures that include fair procedures that would have prevented Arbitrariness were ignored deliberately and Mandatory language in the regulations or ADM. Dir. Create Liberty interest protected under the Due Process Clause , Citing HEWITT V. HELMS, 459 U.S. 460, 472, 103 S.Ct 864 (1983); Accord, Kentucky Dept. of Corrections V. Thompson, 490 U.S. At 462; Board of Pardon V. Allen , 482 U.S. 369, 374-80, 107 S.Ct. 2415 (1987), which defendants Are not free to depart, Citing Smith V. Shettle 946 F.2d 1250, 1252-53 (7th Cir. 1991), while the plaintiff holds a fundamental Constitutional Right to Access the Courts. Citing CHAMPION V. ARTUZ, 76 F.3d 483, 486 (1996).

C. Here the plaintiff have a First Amendment Right to petition the government for redress of grievances to appeal

the denials of diligent or meaningful assistance with the basic hygiene items and rejected to provide materials for accessing the Court. Citing Franco, 854 F.2d at 588-89; Haymes v. Montanye, 547 F.2d 188, 191 (2d cir. 1976).

The Right to petition government for redress of grievances is among the most precious of the liberties safeguarded by the Bill of Rights. The right of petition applies with equal force to a person's right to seek redress from all branches of government. In the plaintiff context, inmates must be permitted free and uninhibited access to both Administrative and Judicial forums for the purpose of seeking redress of grievances against state officers.

The plaintiff complyed with 42 U.S.C. § 1997 e(a) by exhausting all and every available administrative remedy pleading and proof it in the Amended Complaint attached marked as Exhibits. (see plaintiff Amended Complaint, plaintiff Affidavit and plaintiff Statement) Citing Eakins v. Madrid, 1996 WL 743812 At * 1 (N.D. Cal. Dec. 17, 1996). The decisions are consistent with the analysis of Davis v. District of Columbia, 158 F.3d 1342, 1346 (D.C. cir. 1998), which holds that claims for injunctive relief against Constitutional violations do not require proof of injury "suffered" but only of the threaten Constitutional violation itself. In Das Kalea v. District of Columbia, 227 F.3d 433 (D.C. 2000) "mental and Emotional distress" are compensable under § 1983 even in the absence of

physical injury.

Wherefore, Plaintiff's right to seek redress of Grievances is percisely the sort of oppression that section 1983 is intended to remedy.

1). "Liberty interest protects the Plaintiff from "Atypical and significant hardship(s);" in relation to the ordinary incidents of Prison life. Citing Sadin V. Conner, 115 S.Ct 2293, 2299-300 (1995) The Supreme court has held that due Process is violated when an individual has reasonably relied on Agency regulation promulgated for his guidance or benefit, and has suffered substantially because of their violation by the Agency. see Cite Admitted U.S. V. Caceres, 440 U.S. 741, 753 99 S.Ct 1465 (1979), Such criterion in statutes and regulation can be substantive predicates even if they require the decision maker to exercise subjective judgment. Citing Greenholtz V. Inmates Of The Nabraska Penal & Correctional Complex, 442 U.S. 1, 11 99 S.Ct 2100 (1979). The defendant unit manager Hannah of North Block units knew of or should have known of plaintiff unable to buy Commissary items when requests pursuant ADM.Dir. 9.6 were submitted before the filing of live Grievance August 7, 2002 which as the unit manager Could have authorized Additional free legal mail and nonprivilaged mail upon the reasonable need of the plaintiff per ADM. Dir. 10.7 (4) (D) And basic hygiene items while

the plaintiff was in North Block Unit 1 cell 18.
SEE Plaintiff Affidavit and Plaintiff Statement). The
Connecticut D.O.C. regulation Administration Directive
9.6, 2.6, and 2.17 creates a liberty interest
by the most Common way of using explicitly mandatory
language as statutes with the word "shall" in connection
with requiring substantive predicates. (See plaintiff
Amended Complaint Exhibits) Citing Hewitt V. Helms,
459 U.S. 460, 472, 103 S.Ct 864 (1983); Accord,
Kentucky Dept. of Correction V. THOMPSON, 490
U.S. At 462; And, Board of Pardon V. Allen, 482
U.S. 369, 374, 80, 107 S.Ct 2415 (1987). In
other words, when a statute or regulation says that
under certain specific circumstances, officials must do
something or must refrain from doing it, it creates
a liberty or Property interest. (see attached marked
Exhibits 7 ADM. Dir. 2.6 and Exhibit 8 ADM. Dir.
2.17 herein) citing Connecticut Board V. Dumschat,
452 U.S. At (Brennan, J. Concurring) quoted in Olim
V. WAKINE KONA, 461 U.S. At 249.
Wherefore, the Plaintiff liberty interest involved
were defendants failed to promulgate Administrative
Directives, regulation and Policy which is unquestionably
a matter of considerable importance that should not
unrealistically be discounted of its significance.

E. The plaintiff pleading are correct for the court
consideration of the factual claims. This §1983

Amended Complaint Consist of undisputed Attached marked Exhibits 'A' thru 'L' in the factual paragraphs '1' thru '10' in Chum I and '1' thru '9' factual paragraphs in Chum II. (see Plaintiff Statement para 3.). Also, Plaintiff demostrated that defendants Actions are under color of law, depriving him of federal Right. Citing BERG V County OF ALLEGHENY, 219 F.3d 261 (3rd Cir 2000). Pro Se Complaints under 42 U.S.C. § 1983 are held to less stringent standards than formal pleading drafted by lawyers. Citing Caus3 V. Cardwell (1973; CA 8 MO) 486. F.2d 550. . . . .).

The Right to proceed Pro Se is fundamental statatory Right that is afforded highest degree of protection. citing DEVINE V. INDIAN River County school B.D, 121 F.3d 576 (11th Cir. 1997).

5. The defendants participation or responsibility are demostrated in Action of inaction of wanton and reckless for the plaintiff Right.

In this case the defendants are still subject to civil suits in which as state officials they are the nominal defendants. The defendants John Armstrong, et al admitted that at all times referenced in the plaintiff Amended Complaint, they Acted under color of state law per 42 U.S.C. § 1983 (1994), where the plaintiff As A prisoner equally situated

Civilized standards of humane decency simply do not permit a man for a substantial period of time to be deprived of the basic elements of hygiene such as soap and toilet paper, citing LAREAU V. MACDougALL, 473 F. 2d 974, 978 (2d cir. 1972), and attached marked as exhibits 'A' thru 'L' in the factual paragraphs '1' thru '10' of CLAIM I and '1' thru '9' of CLAIM II in the Amended Complaint is proof of the exhausted available remedies sufficient for pleading purpose, citing HARRIS V. Ford, _ F. supp. 2d _, 1999 WL 38233 at *1 (D. Alaska January 26, 1999) were defendants John Armstrong, et al being sued had been exposed to information concerning the risk and thus 'must have known about it ... citing FARMER V. BRENNAN, 511 U.S. 825, 837 (1994), as Authority or Authorization where Connecticut state law and D.O.C. Administrative Directive form the basis of this Amended Complaint §1983 which upholds plaintiff Prisoner's right under Federal State law. Citing AlBright V. Oliver, 510 U.S. 266 (1994). The defendants personal involvement means something more than simply having Authority over another person who directly participated in the deprivation of the plaintiff Rights, citing Polk County V. Dudson, 454 U.S. 312, 325 (1984), it means something less than direct participation in action of inaction of wanton and reckless for the plaintiff

Rights, citing Al-Jundi V. Estate of Rockefeller, 885 F.2d 1060 (2d cir. 1989); Also, Smith V. Wade, 461 U.S. 30, 50 (1983).

6. The defendants qualified immunity is inapplicable in this case.

The defendants have a responsibility imposed by statute as state actors, failure to perform it makes them liable even if s/he does not know about the resulting constitutional violation. (See Exhibits 7 and 8 herein) citing Tatum V. Hooser, 642 F.2d 253 (8th cir. 1981); Doe V. New York City of social services, 649 F.2d 134 (2d cir. 1981); United States Ex Rel. Larkins V. Oswald, 510 F.2d 583, 589 (2d cir. 1975). Also, as state officials they are no mortal defendants and governmental immunity is inapplicable to injunctive and declaratory relief pursuant sovereign immunity, 440 U.S. 410, 420 and defendant John Armstrong, knew of or should have known of subordinates action of inactions wanton and reckless clearly violated established constitutional rights and is liable, citing Camilo-Robbles V. Hoyos, 151 F.3d 1,6 (1st cir. 1998), where the doctrine of qualified immunity is inapplicable for violating adm. directives policy and Procedures (see Plaintiff statement,

22 of 24

Plaintiff Affidavit and Amended Complaint with Exhibits) Citing Scott V. Plante, 691 F.2d 634 (3d cir. 1982).

7. The District Court has Jurisdiction in this Case.

In this case, there is Federal Court Jurisdiction, 28 U.S.C. § 1343 (3) where defendants Conduct admitted to be under color of state law as Complaint in this Amended Complaint § 1983 are liable, Citing Monroe V. Pape, 365 U.S. 167, 184, 81 S.Ct. 473 (1961); Also, Parratt V. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 1913 (1981), were defendants conducts deprived the plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States. The district Court shall have original jurisdiction of all civil actions under the Constitution, laws, or treatries of the United states. State Courts, permit suits in their Courts for Violations of Prisoner Constitutional and state law rights and will hear Actions under 42 U.S.C. § 1983, Conn. Gen. Stat. § 52-471.

Wherefore, this Case is Jurisdictional to the Courts were the plaintiff rely's on sufficient evidence to support a Jury verdict in his favor.

## Conclusion

This case is supported by a serious of Exhibits on evidence undisputed, Affidavit, Statement and Exhaustion of Administration Remedies were for the foregoing reasons the Court should deny defendants Summary Judgment. and present the facts to a Jury that will support the verdict in plaintiff favor.


RESPECTFULLY SUBMITTED

Luis Fernandez    Pro SE
M. W. C. I.
1153 East Street South,
Suffield, CT 06080


## Certification

I hereby Certify that a Copy of the foregoing was mailed to the following defendants Attorney on this 14 day of May, 2004.

Robert F. Vacchello,
Assistant Att. General.
110 Sherman Street,
Hartford, CT 06105

Luis Fernandez
Pro SE

24 of