UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez, Pro-se  :

V.  :   FILED / PRISONER
    2005 FEB 23 A 8:58
    Case: 3:02CV2252 (CFD)
    U.S. DISTRICT COURT
    BRIDGEPORT, CONN

    Feb. 7 2005

John J. Armstrong, et al  :

## MOTION RENEWAL FOR APPOINTMENT OF COUNSEL ACCOMPANIED BY the Attempts to OBTAIN legal Assistance And I.L.A.P. Assistance.

The plaintiff pro-se holding to "less stringent standards than formal pleadings drafted by lawyers", viewed without regard for technicalities and holding highest degree of protection fundamentally established statutory Right by law, citing Hughes V. Rowe, 449 U.S. 5, 101, S.Ct 173 (1980); Jones V. Rundle, 453 F.2d 147; Hugh V. Poe, 453 F.2d 1471; and see, CAtannes V. Kerner ) 92., Moves pursuant under Rule 29, F.R.C.P. for Appointment of Counsel Pro bono were circumstances Reasonably Appear to warrant such Application.

First, this civil Rights Complaint has been filed since the year 2002 were the plaintiff pro-se continuously has requested Assistance from Attorneys and organizations or programs of which declined to Assist non represent plaintiff pro-se in this Case. The plaintiff pro-se Contacted Bett Dignam from Jerome-

1 of 4

N. Frank Legal Services Organ.; Rowana A. Moffett from Brenner, Saltut & Wakman, L.L.P.; Paul Hastings from Paul, Hastings, Janfsky & Walker, L.L.P.; A. Ryan McGuigan from Rome McGuigan Sabanosh P.C.; Richard C. Feldman from Evans, Feldman & Boyer, L.L.C.; and Todd A. Bussert from Law Office of Todd A. Bussert; which they all declined to assist nor represented the plaintiff pro-se in this case. see, (Exhibit "1" attached and marked herein responses).

Second, plaintiff-pro-se further contacted Annette M. Lamoreaux, legal director from Conn. Civ. Liberties Union Foundation; Antonio Ponvent III from Koskoff, Koskoff & Bieder; And Jon L. Schoenhorn from Jon L. Schoenhorn & Associates whom all also decline to represent or assist the plaintiff pro-se in this case. see, (Attached Exhibit "2" herein responses).

Third, Inmate's Legal Assistance Program include several obstructing policies which are use to regards for "Assistance" since they are part of D.O.C. were the district court should consider since they are contracted by the Dept of Corrections. I.L.A.P. defines a Prima Facie case as "consist of sufficient evidence in the type of case to get plaintiff past a motion for a direct verdict in a jury case or a motion to dismiss in a nonjury case; it is the evidence necessary to require the defendant to proceed with his case."

2 of 4

use as tool for determining if I.L.A.P feels to assist or not. The third circuit held "to make prima facie case under § 1983, plaintiff must demonstrate that person acting under color of law, deprived him of federal right." see Berg v. County of Allegheny, 219 F.3d 261 (3rd Cir. 2000). And the plaintiff pro-se in this case has demonstrated defendants acted under color of law when deprived him of federal rights where I.F.P status has been granted pursuant under 28 U.S.C. § 1915.

Fifth, the Connecticut Dept. of Connections has made it clear that "they do not provide inmates with access to the courts or legal forms in the various Correctional Institutions." see, (Attached Exhibit "3" herein Notice by Brian K. Murphy).

Sixth, on approx. June, 2004, plaintiff pro-se in comply with U.S. Magistrate Judge W.I. Garfinkel contacted (phone) I.L.A.P. Attorney Jenna M. Edmunson for assistance regarding this Civil Rights Complaint. Attorney Jenna M. Edmunson decline to assist the plaintiff pro-se unless he proves a prima facie case after summary judgment even is he has been granted I.F.P. under pursuant 28 U.S.C. § 1915 and supporting the Amended Complaint with Exhibits "A" through "G". see, (Attached and marked Ex. "4" herein Amended Complaint with Exhibits).

3 of 4

Finally, the plaintiff pro-se has a limited knowledge of law and medical evaluation of paranoid disorder and depression infliction which clearly justifies appropriate for appointment of Pro Bono Counsel, see (Attached and Marked as Ex. "5" herein Dr. Katsouristsou referral since 3/28/00) where the ends of justice appears best served by such an appointment. Citing Hamilton v. Leavy, 117 F.3d 742, 749 (3d Cir. 1997)..

Respectfully Submitted,

_____
Luis Fernandez #279900
Pro-se
M.C.I.
1153 east st south,
Suffield, CT 06080

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following defendants Attorney on this 7 day of Feb. 2005.

Robert F. Vacchelli
Ass. Att. Gen.
110 Sherman St,
Hartford, CT 06105

_____
Luis Fernandez
Pro-se

4 of 4