

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

## CIVIL RIGHTS COMPLAINT

Luis Fernandez                    Amended Complaint

---

**Plaintiff(s),**
(Full name(s) and prisoner number(s) if incarcerated)
(Do not use et al.)

v.

Commissioner John Armstrong, official /individual
Warden Hector Rodriguez, official /individual
Grievance Coordinator Ahmed, official /individual
C.T.O. Wanda Booker, official /individual
Counselor Gallock, official /individual
Counselor/Super. Unit Manager Hannah, official /individual

Case No. 3:02 CV 2252 (CFD)
(To be supplied by the court)

---

**Defendant(s).**
(Full name(s) and capacity, e.g., official capacity, individual capacity,
or official and individual capacitites) (Do not use et al.)

## A. PARTIES

1. Luis Fernandez _____ is a citizen of Connecticut _____ who
(Plaintiff)                                    (State)
presently resides at Cheshire D.O.C., 900 highland Ave. Cheshire, CT 06410
(mailing address or place of confinement)
If plaintiff is incarcerated, provide inmate number: 279900

2. Defendant John J. Armstrong. _____ is a citizen of Connecticut
(name of first defendant)                        (State)
whose address is 24 wolcott Hill Road. wethersfield, CT 06109

and who is employed as Commissioner of D.O.C in Connecticut
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ Yes ____ No. If your answer is "Yes," briefly explain:

As the Commissioner of the Dept of Correction in Conn. his Action is under color of state law

3. Defendant **WARDEN** Hector Rodriguez is a citizen of Connecticut
(name of second defendant)                                (State)

whose address is Cheshire C.I., 900 highland Ave, C.I. 06410

and who is employed as WARDEN of Cheshire D.O.C.
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ Yes ____ No. If your answer is "Yes," briefly explain:

As the WARDEN At Cheshire D.O.C. in Conn. his Action is under color of state law

(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES." Be sure to include each defendant's complete address and title.)

## B. JURISDICTION

1. Jurisdiction is asserted pursuant to (CHECK ONE)

   ✓    42 U.S.C. § 1983 (applies to state prisoners)

   ____   *Blvens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*,
          403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

2. Jurisdiction also is invoked pursuant to 28 U.S.C. § 1343(a)(3). (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

"A. PARTIES"

4. Defendant MS. AHMED _____ is a citizen of Connecticut whose address is Cheshire C.I, 900 Highland Ave, Cheshire, CT 06410 and whose is employed as Grievance Coordinator

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ yes ___ no. If "yes" briefly explain:
As the Grievance coordinator for the Dept. of Correction Cheshire C.I her Action is under color of state law

5. Defendant WANDA BOOKER _____ is a citizen of Connecticut whose address is Cheshire C.I, 900 Highland Ave, Cheshire, CT 06410 and who is employed as C.T.O.

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ yes ___ no. If "yes" briefly explain:
As the C.T.O. in the Dept of Correction Cheshire C.I her Action is under color of state law

6. Defendant MR. GALLOCK _____ is a citizen of Conn. whose address is Cheshire C.I, 900 Highland Ave, Cheshire, CT 06410 and who is employed as Counselor

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ yes ___ no. If "yes" briefly explain:
As the Counselor in the Dept of Correction Cheshire C.I has Action is under color of state law.

"A. PARTIES"

7. Defendant MS. HANNAH _____ is A citizen of CONN.

whose Address is Cheshire C.I, 900 Highland Ave, Cheshine, CT 06410

And who is Employed as Counselor Super. Unit MANAGER

At the time the Claim(s) Alleged in the Complaint Arose, was
this defendant Acting under color of State law? ✓ yes ___ No.
If "yes" briefly Explain?
As the Counselor Supervisor Unit Manager in the Dept of
Correction Cheshine C.I. her Action is under color of state law

## C. NATURE OF THE CASE

BRIEFLY state the background of your case. The plaintiff, Luis Fernandez while in Cheshire Correctional Ins. was deprived of the basic item of human need to keep a clean hygiene, denial access to the courts or social letter deprived the minimal civilized measure of life's Necessities, opportunity to shower, wash brush their teeth etc. pursuant to Eighth Amendment ban cruel and unusal punishment and first Amendment Right not be retaliated Against for exercising their rights of Access to the Courts (others).

## D. CAUSE OF ACTION

I allege that the following of my constitutional rights, privileges, or immunities have been violated and that the following facts form the basis of my allegations: (If more space is needed to explain any allegation or to list additional supporting facts, continue on a blank sheet which you should label "D. CAUSE OF ACTION.")

Claim I:    Due Process Clause, Liberty Interest, Eighth Amendment, Causing the Plaintiff mental Anguish and Emotion injuries, Others

Supporting Facts: (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.) 1. On or about August 7, 2002, the plaintiff filed an grievance attached and marked as exhibit A as inference showing the grievance submitted while at Cheshire C.I. unit month Block 1 cell 18 do to the deprivation of the basic items of hygiene such as soap, toothbrushes and toothpast etc. which D.O.C requires to provide in form of care pakage Attached and marked As exhibit B As inference showing the actual care-pakage that D.O.C provide when an inmate cannot Afford to purchase items in the Commissary pursuant to ADm. Dme. 6.10 see 24 (A) →①

3

# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

CN 9601A
7-1-98

Inmate name _Luis Fernandez_      Inmate no. _279900_

Facility _Cheshire_      Housing unit _NB118_      Date _8-7-02_

☒ Line grievance   ☐ Line emergency   ☐ Health grievance   ☐ Health emergency

1. Informal resolution. Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached. The staff member responsible is CTO Wanda Booker who her act as a D.O.C. Employee is very poor and corrupt which explains why I don't have the Request form (CN9602) Attached.

2. Nature of grievance. Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8-1/2-by-11-inch sheet of paper and attach it to this form.)
Nature of grievance deprivation of human need. Since July 29, 2002 this writer have and continues to request for soap (Lisa), care package and envelopes to the CTO Wanda Booker who is aware of facts from which her inference on providing personal hygiene supplies to indigent inmates, as this writer who cannot afford to purchase items to the commissary and who is being deprived of the basic elements of hygiene on behalf of CTO Wanda Booker wanton and reckless

3. Action requested. Describe what action you want taken to remedy the grievance. Action requested pursuant to D.O.C. Adm. Dir 6.10 (23) (A) that this writer be provided with all the basic elements of hygiene including (2) soaps Lisa and envelopes since this writer cannot purches items in commissary. The method of remedy is to Aply CTO Wanda Booker 2.17 Employee conduct and Adm. Dir 2.6 Employee Disciplinary for her wanton and reckless acts.

Inmate signature _[signature]_

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

### FOR OFFICIAL USE ONLY. LEVEL 1 REVIEW

IGP no. _125-2003-151_      T no.

Date received _08-09-2002_   Disposition _DENIED_   Date of disposition _09-12-2002_

Grievance issue _STATE ISSUED ITEMS FOR INDIGENT INMATES_

Reasons _YOUR GRIEVANCE IS DENIED PER ADMINISTRATIVE DIRECTIVE 9.6, INMATE GRIEVANCES. IN ACCORDANCE WITH A.D. 6.10, INMATE PROPERTY SECTION 3 AN INDIGENT INMATE IS DEFINED AS AN INMATE WHO HAS LESS THAN FIVE DOLLARS ($5.00) ON ACCOUNT AT ADMISSION OR WHOSE ACCOUNT HAS NOT EXCEEDED FIVE DOLLARS THE PREVIOUS 90 DAYS. AS OF AUGUST 7, 2002 RECORDS SHOW THAT YOU ARE NOT INDIGENT. YOU HAVE HOWEVER AND CONTINUE TO BE PROVIDED WITH THE BASIC ELEMENTS OF HYGIENE._

Level-1 reviewer _[signature]_

C.C. Luis Fernandez # 279900

Coordinator Ms. Ahmed

Continue 2.

Less uncivilized standards of inhumane decency to remove and punish this inmate to go without shower for approx 2 weeks do to the lack of provition of basic elements of hygiene.



## D. Cause of Action

Claim 1 Continue (1)

- Attached and Marked As Exhibit C As inference is A copy Pg 7 of 13 showing State Issued Items Sec. 24 (A).

2. The staff member in charge of providing the care package or hygiene items is C.T.O. Wanda Booker defendant, Appointed to Unit North Block 1 and others and who the plaintiff requested the care package for weeks leaving him with No shower or Any toothpast or toothbrush to wash his Mouth with. Which defendant CT.O Wanda Booker ignored her duty to adequately Assist the plaintiff And gave him the necessary opportunities to shower, wash, brush his teeth, etc. were the Eighth Amendment Requires A prisoner must be provided the implements they need to Keep themselves clean.

3. This Plaintiff Since 5/20/02 have/had $0.16¢ in his Inmate Trust Account, were Administration Directive 6.10 Sec. 3 (c) Reads "if An Inmate who has less than five dollars ($5°°) on Account at Admission or whose Account has not exceeded five dollars ($5°°) for the Previous 90 days, is Indogent". Attached And Marked As Exhibit D As inference showing Administration Directive 6.10 sec 3(c) copy pg. 1 of 13.

4. The Submitted Grievance Attached and Marked As Exhibit A As inference herein the Complaint Paragraph 1

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE OF |
|---|---|---|
| 6.10 | September 25, 2000 | 7    13 |
| TITLE | | |

Inmate Property

designated wall space per inmate, shall be permitted to display pictures or wall decorations. Nothing attached to a wall shall mar or deface the wall. Neither nudity nor sexually explicit pictures shall be displayed anywhere in the facility (e.g., walls, in lockers). In all restrictive housing units, inmates shall not be permitted to display pictures or wall decorations.

23.  **Confiscation of Property Items.** Possession of excessive quantities as defined by this Directive, unauthorized use of an allowable item, or creating a nuisance such as playing a radio, cassette player or television too loudly or during time such items may not be used, shall be cause for confiscation. Confiscation shall require that a Disciplinary Report be issued in accordance with Administrative Directive 9.5, Code of Penal Discipline. A receipt shall be given for any item confiscated. A copy of the Disciplinary Report may serve as the inmate's receipt. The item may be confiscated pending disposition of the Disciplinary Report. If an inmate is found guilty such items may be disposed of as specified in Section 28.

24.  **State Issued Items.** Each inmate shall be provided state issued clothing, footwear, and linen in accordance with the Inmate Property Matrix (Attachment A).

   A.  In addition, an indigent inmate as defined in Section 3, shall, when needed, be provided only the following items: (1) toothbrush; (2) toothpaste or toothpowder; (3) soap; (4) shampoo; (5) comb; (6) disposable razor, (7) sanitary napkins/tampons as appropriate; and (8) five (5) stamped envelopes monthly.

   B.  State issued items shall not be removed as punishment. However, any item may be removed or restricted for legitimate health, safety or security reasons.

   C.  All uniforms provided for work assignments by a facility shall be used only for the purposes intended and shall not be counted as part of the totals in the Inmate Property Matrix (Attachment A). However, work uniforms shall be limited to the amount necessary for the work assignment.

   Whether property is inmate owned or state issued, the total amount in the inmate's possession shall not exceed the maximum amount allowed in accordance with Section 16 and Attachment A.

25.  **Inter-Facility Transfers.** When an inmate is transferred from one facility to another, the following procedures shall be observed:

   A.  **Inventory and Packing.** Each inmate shall be provided with a maximum of five (5) container(s) to pack the inmate's own property. Inmates shall bring it to a designated area for inventory by an assigned employee. Exceptions to this procedure may be authorized by the Shift Commander when: (1) the inmate's behavior or physical condition prevents the inmate from packing; (2) the inmate has been transferred from court without returning to the facility; or (3) an inmate is moved to a restrictive housing or Level 4 Close Custody unit where authorized property is

| State of Connecticut Department of Correction | DIRECTIVE NUMBER | EFFECTIVE DATE | PAGE 1 OF |
|---|---|---|---|
| | 6.10 | June 26, 2000 | 13 |
| ADMINISTRATIVE DIRECTIVE | SUPERSEDES: Inmate Property – 8/3/98 | | |
| APPROVED BY [signature] 6/18/00 | TITLE: Inmate Property | | |

1. **Policy.** An inmate may possess only that property authorized for retention upon admission to the facility, issued while in custody, purchased in the facility commissary, or approved at the facility in accordance with this Administrative Directive. An inmate's property shall be managed in a manner which contributes to a safe, sanitary and secure environment for staff and inmates.

2. **Authority and Reference.**

   A. Connecticut General Statutes, Chapter 53 and Section 18-81.
   B. Regulations of Connecticut State Agencies, Sections 4-157-1 through 4-157-17.
   C. American Correctional Association, Standards for Adult Correctional Institutions, Third Edition, January 1990, Standards 3-4157, 3-4279 through 3-4281 and 3-4393.
   D. American Correctional Association, Standards for Adult Local Detention Facilities, Third Edition, March 1991, Standards 3-ALDF-2E-11 and 3-ALDF-4A-04.
   E. Administrative Directives 3.8, Commissary; 6.9, Control of Contraband and Criminal Physical Evidence; 6.14, Security Risk Groups; 9.4, Restrictive Status; 9.5, Code of Penal Discipline; 9.6, Inmate Grievances; 10.7, Inmate Communications; and 10.8, Religious Services.

3. **Definitions.** For the purposes stated herein, the following definitions apply:

   A. **Bulk Storage.** Clothing and other items permitted for pretrial inmates but not allowed to be kept by inmates in living areas.
   B. **Contraband.** Anything not authorized to be in an inmate's possession; used in an unauthorized or prohibited manner; or altered in any way.
   C. **Indigent Inmate.** An inmate who has less than five dollars ($5.00) on account at admission or whose account has not exceeded five dollars ($5.00) for the previous 90 days.
   D. **Inmate Property.** Inmate property is property that is (1) issued by the facility; (2) authorized by this directive; (3) purchased through the commissary; or (4) authorized by a physician for health care reasons.
   E. **Legal Materials.** All documents including an inmate's notes and petitions related to any pending administrative action relative to the inmate's incarceration or any documents related to pending legal action involving the inmate.
   F. **Property Officer.** An employee designated by the Unit Administrator to oversee the handling of inmate property in accordance with this Directive.

" D. Cause of Action "

Claim 1 Continue (4)

- disposition Denied and Reviewed by defendant WARDEN Hector Rodriguez on 8/9/02, defendant reasons to denied the Grievance prejudice and violates Plaintiff Eighth Amed. when such denial also grants defendant C.T.O. WANDA Booker to deprive the plaintiff from civilized standards of humane decency inflicting cruel and unusual punishment.

5. Defendant WARDEN Hector Rodriguez knew of or should have known the plaintiff Inmate Account which have/had only $0.16¢ for approx. 3 months and disregard an excessive risk to the Plaintiff health or safety which the inference can be drawn from Grievance Attached and Marked as exhibit A. in paragraph (1) Showing the wanton- ess by Reasons, disposition denied in stating "as of August 7, 2002 RECORDS show that you are not Indigent", when the plaintiff draw the inference Attached and Marked As exhibit E herein are Copies of Inmate Trust Account Showing that no more than $0.16¢ have/had been in Plaintiff Account.

6. Defendant Grievance Coordinator AHMED failed to promulgate D.O.C. Policys and Administration directives, knowing that the plaintiff was being deprived of NECESSARY basic elements of hygrene pursuant to Administration Dir. 6.10 sections 24 (A) herein paragraph (1) marked As exhibit E and 3 (cc) herein paragraph (3) marked As exhibit D, in violation of the Eighth Amendment ban cruel

08/14/2002 09:03                 DEPARTMENT OF CORRECTIONS           Page       1 Of      5
CHB106                      CONNECTICUT DEPARTMENT OF CORRECTION                    OTRTASTA
                         T R U S T   A C C O U N T   S T A T E M E N T      4.10.0.0.9 TR

DOC:   0000279900     Name: FERNANDEZ, LUIS
LOCATION: 125-F                                                    DOB: 07/22/1976

                                                            Max Date:
   ACCOUNT BALANCES   Total :      83.66     CURRENT:      83.66   HOLD:      0.00

                              10/31/2000      08/14/2002

| SUB ACCOUNT | START BALANCE | END BALANCE |
|---|---|---|
| HOLIDAY PACKAGES | 0.00 | 0.00 |
| PLRA | 0.00 | 83.50 |
| SPENDABLE BALANCE | 0.00 | 0.16 |

                          DEBTS AND OBLIGATIONS

| TYPE | PAYABLE | INFO NUMBER | AMOUNT OWING | AMOUNT PAID |
|---|---|---|---|---|

              TRANSACTION DESCRIPTIONS --       HOLIDAY PACKAGES  SUB-ACCOUNT

| DATE | TYPE | TRANSACTION DESCRIPTION | TRANSACTION AMT | BALANCE |
|---|---|---|---|---|
| 12/21/2000 | HPK | Holiday Package  123 | 34.00 | 34.00 |
| 12/26/2000 | CHPK | CHPK SAL ORD #162952 | ( 34.00) | 0.00 |

              TRANSACTION DESCRIPTIONS --            PLRA  SUB-ACCOUNT

| DATE | TYPE | TRANSACTION DESCRIPTION | TRANSACTION AMT | BALANCE |
|---|---|---|---|---|
| 01/04/2002 | DED | Deduction-PLRA-11132001 | 81.00 | 81.00 |
| 04/26/2002 | DED | Deduction-PLRA-11132001 | 2.50 | 83.50 |

              TRANSACTION DESCRIPTIONS --       SPENDABLE BALANCE  SUB-ACCOUNT

| DATE | TYPE | TRANSACTION DESCRIPTION | TRANSACTION AMT | BALANCE |
|---|---|---|---|---|
| 11/30/2000 | DMR | Mail Receipts  54103  123 | 40.00 | 40.00 |
| 12/05/2000 | CRS | CRS SAL ORD #140983 D2 | ( 32.07) | 7.93 |
| 12/12/2000 | CRS | CRS SAL ORD #149396 D2 | ( 6.63) | 1.30 |
| 12/19/2000 | CRS | CRS SAL ORD #156824 D2 | ( 0.89) | 0.41 |
| 12/26/2000 | CEC | CEC SAL ORD #140983 D2 | 1.40 | 1.81 |
| 01/10/2001 | CRS | CRS SAL ORD #179768 D2 | ( 1.81) | 0.00 |
| 01/16/2001 | DMR | Mail Receipts  55128  123 | 50.00 | 50.00 |
| 01/16/2001 | CRS | CRS SAL ORD #186095 D2 | ( 40.59) | 9.41 |
| 01/17/2001 | CRS | CRS SAL ORD #186675 D2 | ( 4.93) | 4.48 |
| 01/24/2001 | CRS | CRS SAL ORD #196993 D2 | ( 4.39) | 0.09 |
| 02/09/2001 | DSP | Inmate State Pay 123  020601 | 5.25 | 5.34 |
| 02/14/2001 | CRS | CRS SAL ORD #223987 D2 | ( 5.12) | 0.22 |
| 02/15/2001 | DSP | Inmate State Pay 123  021301 | 5.25 | 5.47 |
| 02/20/2001 | DMR | Mail Receipts  055935  123 | 60.00 | 65.47 |
| 02/21/2001 | CRS | CRS SAL ORD #231945 D2 | ( 3.92) | 61.55 |

08/14/2002 09:03      DEPARTMENT OF CORRECTIONS    Page   2 Of   5
CHE106           CONNECTICUT DEPARTMENT OF CORRECTION      OTRTASTA
           T R U S T  A C C O U N T  S T A T E M E N T  4.10.0.0.9 TR

DOC:  0000279900   Name: FERNANDEZ, LUIS
LOCATION: 125-F                        DOB: 07/22/1976

Max Date:

| DATE | TYPE | TRANSACTION DESCRIPTION | TRANSACTION AMT | BALANCE |
|------|------|-------------------------|-----------------|---------|
| 02/21/2001 | CRS | CRS SAL ORD #231911 D2 | ( 24.42) | 37.13 |
| 02/22/2001 | DSP | Inmate State Pay 123  022001 | 5.25 | 42.38 |
| 03/01/2001 | DSP | Inmate State Pay 123  022701 | 5.25 | 47.63 |
| 03/06/2001 | CRS | CRS SAL ORD #252970 D2 | ( 5.26) | 42.37 |
| 03/08/2001 | DSP | Inmate State Pay 123  030601 | 5.25 | 47.62 |
| 03/14/2001 | WPOS | Postage 123 | ( 0.76) | 46.86 |
| 03/15/2001 | CRS | CRS SAL ORD #267848 D2 | ( 23.46) | 23.40 |
| 03/15/2001 | DSP | Inmate State Pay 123  031301 | 5.25 | 28.65 |
| 03/22/2001 | DSP | Inmate State Pay 123  032001 | 5.25 | 33.90 |
| 03/29/2001 | CRS | CRS SAL ORD #297863 D2 | ( 4.85) | 29.05 |
| 03/29/2001 | DSP | Inmate State Pay 123  032701 | 5.25 | 34.30 |
| 04/03/2001 | DMR | Mail Receipts  57033  123 | 100.00 | 134.30 |
| 04/05/2001 | CRS | CRS SAL ORD #311647 D2 | ( 47.42) | 86.88 |
| 04/05/2001 | DSP | Inmate State Pay 123  040301 | 5.25 | 92.13 |
| 04/10/2001 | WSR | Special Request - 123 | ( 20.00) | 72.13 |
| 04/10/2001 | CRS | CRS SAL ORD #324259 D2 | ( 15.62) | 56.51 |
| 04/11/2001 | CRS | CRS SAL ORD #326358 D2 | ( 13.99) | 42.52 |
| 04/12/2001 | DSP | Inmate State Pay 123  041001 | 5.25 | 47.77 |
| 04/19/2001 | CRS | CRS SAL ORD #341249 D2 | ( 1.53) | 46.24 |
| 04/19/2001 | DSP | Inmate State Pay 123  041701 | 5.25 | 51.49 |
| 04/25/2001 | DMR | Mail Receipts 123  57571 | 500.00 | 551.49 |
| 04/26/2001 | CRS | CRS SAL ORD #354187 D2 | ( 9.10) | 542.39 |
| 04/26/2001 | DSP | Inmate State Pay 123  042401 | 5.25 | 547.64 |
| 04/27/2001 | DMR | Mail Receipts 123  57638 | 250.00 | 797.64 |
| 05/03/2001 | CRS | CRS SAL ORD #365424 D2 | ( 2.26) | 795.38 |
| 05/03/2001 | CRS | CRS SAL ORD #366014 D2 | ( 22.69) | 772.69 |
| 05/03/2001 | DSP | Inmate State Pay 123  050101 | 5.25 | 777.94 |
| 05/10/2001 | CRS | CRS SAL ORD #379631 D2 | ( 8.11) | 769.83 |
| 05/10/2001 | DSP | Inmate State Pay 123  050801 | 5.25 | 775.08 |
| 05/17/2001 | CRS | CRS SAL ORD #392671 D2 | ( 104.24) | 670.84 |
| 05/17/2001 | CRS | CRS SAL ORD #392705 D2 | ( 35.01) | 635.83 |
| 05/17/2001 | WCOP | Copies 123 | ( 20.00) | 615.83 |
| 05/17/2001 | DSP | Inmate State Pay 123  051501 | 5.25 | 621.08 |
| 05/18/2001 | WCOP | Copies 123 | ( 1.75) | 619.33 |
| 05/18/2001 | WPOS | Postage 123 | ( 3.62) | 615.71 |
| 05/23/2001 | CRS | CRS SAL ORD #404843 D2 | ( 23.03) | 592.68 |
| 05/24/2001 | CRS | CRS SAL ORD #405481 D2 | ( 87.99) | 504.69 |

08/14/2002 09:03          DEPARTMENT OF CORRECTIONS          Page    3 Of    5
CHE106              CONNECTICUT DEPARTMENT OF CORRECTION              OTRTASTA
              T R U S T   A C C O U N T   S T A T E M E N T      4.10.0.0.9 TR

DOC:  0000279900    Name: FERNANDEZ, LUIS                    DOB: 07/22/1976
LOCATION: 125-F

                                                    Max Date:

| DATE | TYPE | TRANSACTION DESCRIPTION | TRANSACTION AMT | BALANCE |
|------|------|------------------------|-----------------|---------|
| 05/25/2001 | DSP | Inmate State Pay  123   052201 | 5.25 | 509.94 |
| 05/29/2001 | CRS | CRS SAL ORD #410483 D2 | (    7.38) | 502.56 |
| 05/29/2001 | WPOS | Postage  123 | (    2.23) | 500.33 |
| 05/30/2001 | CRS | CRS SAL ORD #416538 D2 | (   49.67) | 450.66 |
| 05/30/2001 | CRS | CRS SAL ORD #416757 D2 | (   60.61) | 390.05 |
| 05/31/2001 | DSP | Inmate State Pay  123   052901 | 5.25 | 395.30 |
| 06/12/2001 | WPOS | Postage  123 | (    0.76) | 394.54 |
| 06/14/2001 | CRS | CRS SAL ORD #442896 D2 | (    4.13) | 390.41 |
| 06/15/2001 | DSP | Inmate State Pay  123   061201 | 5.25 | 395.66 |
| 06/21/2001 | CRS | CRS SAL ORD #454911 D2 | (   10.25) | 385.41 |
| 06/22/2001 | DSP | Inmate State Pay  123   061901 | 5.25 | 390.66 |
| 06/22/2001 | WPOS | Postage  123 | (    0.97) | 389.69 |
| 06/28/2001 | CRS | CRS SAL ORD #466999 D2 | (   22.94) | 366.75 |
| 07/02/2001 | WCOP | Copies  123 | (   35.00) | 331.75 |
| 07/02/2001 | CRS | CRS SAL ORD #473684 D2 | (   29.98) | 301.77 |
| 07/05/2001 | CRS | CRS SAL ORD #479889 D2 | (    6.03) | 295.74 |
| 07/05/2001 | CRS | CRS SAL ORD #479984 D2 | (   17.67) | 278.07 |
| 07/12/2001 | CRS | CRS SAL ORD #489146 D2 | (   28.48) | 249.59 |
| 07/19/2001 | CRS | CRS SAL ORD #506476 D2 | (   22.37) | 227.22 |
| 07/23/2001 | WPOS | Postage  123 | (    0.80) | 226.42 |
| 07/23/2001 | WPOS | Postage  123 | (    0.57) | 225.85 |
| 07/26/2001 | CRS | CRS SAL ORD #519693 D2 | (    2.26) | 223.59 |
| 07/27/2001 | WPOS | Postage  123 | (    1.37) | 222.22 |
| 07/31/2001 | WSR | Special Request  123 | (  150.00) | 72.22 |
| 08/02/2001 | CRS | CRS SAL ORD #531143 D2 | (    5.43) | 66.79 |
| 08/13/2001 | WPOS | Postage  123 | (    2.40) | 64.39 |
| 08/16/2001 | CRS | CRS SAL ORD #557133 D2 | (   10.65) | 53.74 |
| 08/28/2001 | DSP | Inmate State Pay  123   082301 | 5.25 | 58.99 |
| 08/30/2001 | CRS | CRS SAL ORD #581281 D2 | (   22.31) | 36.68 |
| 09/06/2001 | CRS | CRS SAL ORD #593247 D2 | (    9.39) | 27.29 |
| 09/10/2001 | DSP | Inmate State Pay  123   090601 | 10.50 | 37.79 |
| 09/10/2001 | WPOS | Postage  123 | (    1.60) | 36.19 |
| 09/13/2001 | CRS | CRS SAL ORD #604636 D2 | (    6.68) | 29.51 |
| 09/14/2001 | DMR | Mail Receipts  123   060955 | 50.00 | 79.51 |
| 09/20/2001 | CRS | CRS SAL ORD #618259 D2 | (   28.19) | 51.32 |
| 09/20/2001 | WPOS | Postage  123 | (    1.03) | 50.29 |
| 09/24/2001 | DSP | Inmate State Pay  123   092001 | 10.50 | 60.79 |



08/14/2002 09:03          DEPARTMENT OF CORRECTIONS          Page    4 Of    5
CHE106                  CONNECTICUT DEPARTMENT OF CORRECTION          OTRTASTA
                  T R U S T    A C C O U N T    S T A T E M E N T    4.10.0.0.9 TR

DOC:  0000279900    Name: FERNANDEZ, LUIS
LOCATION: 125-F                                    DOB: 07/22/1976

                                          Max Date:

| DATE | TYPE | TRANSACTION DESCRIPTION | TRANSACTION AMT | BALANCE |
|------|------|------------------------|----------------|---------|
| 09/28/2001 | WPOS | Postage  123 | ( 0.80) | 59.99 |
| 10/04/2001 | CRS | CRS SAL ORD #644480 D2 | ( 49.69) | 10.30 |
| 10/09/2001 | DSP | Inmate State Pay  123  100401 | 10.50 | 20.80 |
| 10/11/2001 | CRS | CRS SAL ORD #656720 D2 | ( 4.49) | 16.31 |
| 10/16/2001 | WPOS | Postage  123 | ( 1.60) | 14.71 |
| 10/22/2001 | CEC | CEC SAL ORD #656720 D2 | 4.49 | 19.20 |
| 11/01/2001 | CRS | CRS SAL ORD #695225 D1 | ( 13.52) | 5.68 |
| 11/08/2001 | CRS | CRS SAL ORD #708816 D1 | ( 3.35) | 2.33 |
| 11/09/2001 | WPOS | Postage  114 | ( 0.80) | 1.53 |
| 11/15/2001 | CRS | CRS SAL ORD #721443 D2 | ( 1.26) | 0.27 |
| 11/19/2001 | CEC | CEC SAL ORD #708816 D1 | 3.35 | 3.62 |
| 12/11/2001 | WPOS | Postage  125 | ( 0.80) | 2.82 |
| 01/04/2002 | DMR | Mail Receipts  125  083551 | 405.00 | 407.82 |
| 01/04/2002 | DED | Deduction-PLRA-11132001 | ( 81.00) | 326.82 |
| 01/08/2002 | CRS | CRS SAL ORD #816971 D2 | 35.16 | 291.66 |
| 01/22/2002 | CRS | CRS SAL ORD #840410 D2 | ( 4.07) | 287.59 |
| 01/22/2002 | CRS | CRS SAL ORD #840683 D2 | ( 3.50) | 284.09 |
| 01/29/2002 | CRS | CRS SAL ORD #854393 D2 | ( 13.52) | 270.57 |
| 02/08/2002 | CRS | CRS SAL ORD #878670 D2 | ( 14.56) | 256.01 |
| 02/15/2002 | CRS | CRS SAL ORD #890907 D2 | ( 16.73) | 239.28 |
| 02/22/2002 | WSR | Special Request - 125 | ( 14.99) | 224.29 |
| 02/26/2002 | CRS | CRS SAL ORD #905231 D2 | ( 8.98) | 215.31 |
| 03/05/2002 | CRS | CRS SAL ORD #918600 D2 | ( 14.22) | 201.09 |
| 03/11/2002 | CRS | CRS SAL ORD #930578 D2 | ( 6.73) | 194.36 |
| 03/12/2002 | CEC | CEC SAL ORD #918600 D2 | 0.73 | 195.09 |
| 03/12/2002 | CEC | CEC SAL ORD #918600 D2 | 0.52 | 195.61 |
| 03/15/2002 | CRS | CRS SAL ORD #939771 D2 | ( 38.99) | 156.62 |
| 03/18/2002 | CRS | CRS SAL ORD #943072 D2 | ( 29.23) | 127.39 |
| 03/19/2002 | WSR | Special Request - 125 | ( 36.75) | 90.64 |
| 03/20/2002 | WSR | Special Request - 125 | ( 10.00) | 80.64 |
| 03/22/2002 | WCOP | Copies  125 | ( 0.25) | 80.39 |
| 03/22/2002 | WCOP | Copies  125 | ( 1.75) | 78.64 |
| 03/26/2002 | CRS | CRS SAL ORD #959523 D2 | ( 10.69) | 67.95 |
| 04/01/2002 | CRS | CRS SAL ORD #969035 D2 | ( 9.55) | 58.40 |
| 04/02/2002 | WPOS | Postage  125 | ( 0.57) | 57.83 |
| 04/08/2002 | CRS | CRS SAL ORD #984092 D2 | ( 16.03) | 41.80 |
| 04/10/2002 | CEC | CEC SAL ORD #969035 D2 | 0.70 | 42.50 |



Claim 1 Continue (6)    "D Cause of Action"

- And unusual punishment by deliberate indifference
Regrading the deprivation About which the plaintiff is
Complaining Attached and marked here in as exhibit
F as inference is a copy showing page 5 of 5
of defendant Grievance Coordinator Ahmed knowledge
when personally handed ONE care package on 8/14/02
to the Plaintiff were even two-week denial of
personal hygiene items stated an Eighth Amendment ~~ation~~
violation.

7. The defendants failure and deliberate denial to provide
soap, toothpast, sanitary napkins etc. violate the
Constitution even shower required to the limited of
three showers a week in general population in
non Emergency conditions which denial deprives the
plaintiff of basic hygiene and threatens his physical
and Mental well-being.

8. However, the reasons to be deprived with the basic
elements of hygiene are isolated not by deliberate
indifference to the Plaintiff's need for basic elements
of hygiene when the Cheshire Dept. of Correctional
Statement of Mission states "shall Protect and Preserve
the safety of the public, our staff and offender comi-
tted to our custody in a humane environment" were
the plaintiff Liberty interest protected by the Due
Process clause of the federal Constitution, were the

08/14/2002 09:03      DEPARTMENT OF CORRECTIONS     Page    5 Of    5

CHE106       CONNECTICUT DEPARTMENT OF CORRECTION        OTRTASTA

T R U S T   A C C O U N T   S T A T E M E N T     4.10.0.0.9 TR

DOC: 0000279900    Name: FERNANDEZ, LUIS

LOCATION: 125-F                               DOB: 07/22/1976

Max Date:

| DATE | TYPE | TRANSACTION DESCRIPTION | TRANSACTION AMT | BALANCE |
|------|------|-------------------------|-----------------|---------|
| 04/15/2002 | CRS | CRS SAL ORD #997148 D2 | ( 5.65) | 36.85 |
| 04/26/2002 | DMR | Mail Receipts 125 | 12.49 | 49.34 |
| 04/26/2002 | DED | Deduction-PLRA-11132001 | ( 2.50) | 46.84 |
| 04/26/2002 | HOA | HOLD 125 PLAYBOY ENT. REFUND 278334 | ( 12.49) | 34.35 |
| 04/30/2002 | CRS | CRS SAL ORD #1025018 D2 | ( 12.92) | 21.43 |
| 05/01/2002 | CRS | CRS SAL ORD #1025995 D2 | ( 4.86) | 16.57 |
| 05/03/2002 | CRS | CRS SAL ORD #1033149 D2 | ( 13.75) | 2.82 |
| 05/06/2002 | WCOP | Copies 125 | ( 2.75) | 0.07 |
| 05/11/2002 | HOR | Remove Hold | 12.49 | 12.56 |
| 05/13/2002 | CRS | CRS SAL ORD #1050999 D2 | ( 4.42) | 8.14 |
| 05/20/2002 | CRS | CRS SAL ORD #1062575 D2 | ( 7.98) | 0.16 |

_Inmate Fernandez acknowledges by signature that he received one (1) care package on August 14, 2002_

_J. Ahmed, CCS_

"D. CAUSE of ACTION"

Claim 1 Continue (8)

-D Wanton and Reckless Actions of inaction to promulgate under the Administrative Procedure to create a liberty interest violative to the Due Process Clause.

9. The defendants C.T.O. Wanda Booker, Warden H. Rodriguez and Grievence Coordinator AHMED cannot do so arbitrarily when fair procedures that would have prevented arbitrariness were ignored deliberetly and mandatory language in the regulations or ADM. DIR. create liberty interest protected under the Due Process Clause which defendants are not free to depart.

10. The plaintiff further filed the requiered appeal form on 9/17/02 Attached and marked as exhibit K herein do to the Alleged or evidence which shows that precepts set forth by Adm. Dir. 9.6 have been violated, an investigation should be conducted into the violations but again staffs ignored and failed to respond to the Inmate Grievence form B, level 2 and 3 as specified by ADM. DIR. 9.6.



# Inmate Grievance Form B, Levels 2 and 3
## Connecticut Department of Correction

CN 9601/2
Rev. 10/07/02

| Inmate Name Luis Fernandez | Inmate no. 279900 |
|---|---|

| Facility CHesHire | Housing unit SB 603 | Date 9/17/02 |
|---|---|---|

☒ Line grievance ☐ Line emergency ☐ Health grievance ☐ Health emergency

| IGP no. 125-2003-051 | T no. |
|---|---|

Use this form to appeal a Level 1 decision.  Grievance Form A (for Level 1) and any attachments must accompany this form; no review will be undertaken if they do not accompany this form.  Your appeal must be filed within 5 days of the Level 1 response; deposit it in the box for inmate grievances.

Appeal.  I am appealing the Level 1 decision because: WARDEN Hector Rodriguez Review dispositions denied reasons of the Grievance Level 1 submitted date 8-7-02 is contradictive and proves the reprisal inflicted Against this writer for participating in the Inmate Grievance procedure pursuant to

| Inmate signature ✗ | Date 9/17/02 |
|---|---|

### FOR OFFICIAL USE ONLY – LEVEL 2 REVIEW

| Date received | Disposition | Date of disposition |
|---|---|---|

Reasons

Level 2 reviewer

☐ This grievance may be appealed within 5 days to Level 3

☐ This grievance may not be appealed to Level 3 (see A.D. 9.6, Section 17)

Appeal.  I am appealing the Level 2 decision because:

| Inmate signature | Date |
|---|---|

### Deposit your appeal in the box for inmate grievances

### FOR OFFICIAL USE ONLY – LEVEL 3 REVIEW

| Date received | Disposition | Date of disposition |
|---|---|---|

Reasons

Level 3 reviewer

c.c.

Inmate: Luis Fernandez # 279900

ADM. Dir. 9.6 sec. 22. The reviewer Warden Hector Rodriguez of the Grievance level 1 disposition denied reasons violates ADM. Dir 6.10 sec 24(B) state issued items As this reads that "state issued items shall not be removed As punishment," where no safety, security reasons or restricted for legitimate health is involved.

Wherefore, civilized standards of humane decency simply do not permit this writer to be for A substantial period of time to be deprived of the basic elements of hygiene And the Grievance level 1 denied per ADM. Dir 9.6 in Accordance to ADM. Dir. 6.10 can only be supported by Allegating An Abuse of Grievance procedure pursuant 9.6 sec. 19(1) not for the convinciance of A disposition reasons which Amounted to cruel And unusual punishment when knowing of or should have known of As the Warden of D.O.C. regulations Administrative directives procedures.

# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

CN 9601A
7-1-98

Inmate name __Luis Fernandez__

Inmate no. __279900__

Facility __Cheshire__          Housing unit __NB118__     Date __8-7-02__

☒ Line grievance   ☐ Line emergency   ☐ Health grievance   ☐ Health emergency

1. **Informal resolution.** Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached. The Staff member responsible is CTO Wanda Booker who has act as a D.O.C. Employee is very poor and coward which explains why I don't have the request form (CN 9602) attached.

2. **Nature of grievance.** Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8-1/2-by-11-inch sheet of paper and attach it to this form.) Nature of grievance deprivation of human need. Since July 29, 2002 this writer have and continues to request for soap (Lisa), care package and envelopes to the CTO Wanda Booker who is aware of facts from which her influence on providing personal hygiene supplies to indigent inmates, as this writer who cannot afford to purchase items to the commissary and who is being deprieved of the basic elements of hygiene on behalf of CTO Wanda Booker wanton and reck-D

3. **Action requested.** Describe what action you want taken to remedy the grievance. Action requested pursuant to D.O.C. Adm. Dir 6.10 (23)(A) that this writer be provided with all the basic elements of hygiene including (2) soaps Lisa and envelopes since this writer cannot purches items in commissary. The action of remedy is to Aply CTO Wanda Booker 2.17 Employee conduct and Adm. Dir 2.6 Employee Disciprinary for her wanton and reckless acts.

Inmate signature _____

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

## FOR OFFICIAL USE ONLY. LEVEL 1 REVIEW

IGP no. __125-2003-051__          T no.

Date received __08-09-2002__   Disposition __DENIED__   Date of disposition __09-12-2002__

Grievance issue __STATE ISSUED ITEMS FOR INDIGENT INMATES__

Reasons __YOUR GRIEVANCE IS DENIED PER ADMINISTRATIVE DIRECTIVE 9.6, INMATE GRIEVANCES. IN ACCORDANCE WITH A.D. 6.10, INMATE PROPERTY SECTION 3 AN INDIGENT INMATE IS DEFINED AS AN INMATE WHO HAS LESS THAN FIVE DOLLARS ($5.00) ON ACCOUNT AT ADMISSION OR WHOSE ACCOUNT HAS NOT EXCEEDED FIVE DOLLARS FOR THE PREVIOUS 90 DAYS. AS OF AUGUST 7 2002 RECORDS SHOW THAT YOU ARE NOT INDIGENT. YOU HAVE HOWEVER AND CONTINUE TO BE PROVIDED WITH THE BASIC ELEMENTS OF HYGIENE.__

Level-1 reviewer _____

C.C Luis Fernandez #279900

Coordinator Ms. Ahmed

<u>Continue 2.</u>

Less uncivilized standards of inhumane decency to remove
and punish this writer to go without shower for approx
2 weeks do to the lack of provision of basic elements of
hygiene.

Claim II: Violation of First Amendment., Eighth Amd. Retaliation, infliction of Emotional distress and negligence (others)

Supporting Facts: 1. The plaintiff Alleges he was purposly Punished and Retaliated even when Approved Indigent he was deprived of Accessing the Courts and of the minimal Civilized Measure of life's Necessities, opportunity to shower, wash brush his teeth etc. Requirement by the Eighth Amendment that prisoners be protected from cruel and unusual punishment when there is no justification for denying A man Ability to maintain his personal cleanliness causing this writer to live, eat and sleep for Approx. 5 days without shower or wash is too debasing and degrading to be permitted pursuant to D.O.C. Administration directive 6.10; Also As rules and policy the Dept. of

Claim III: _____

_____

_____

Supporting Facts:

4

Claim II Continue (1)          " D. Cause of Action "

— Correctional Mandatory language provides Indigent Inmate
postage for two non-privileged letters per week and 5
privileged per Month As define in Administration Dir 6.10
sec. 24 (A) Attached and Marked herein is inference in Claim
1 paragraph 1 is A Copy of ADM. Dir. 6.10 sec. 24 (A) and
ADM. Dir. 6.10 sec 3 (c) Attached and marked herein as inference
in claim 1 paragraph (3) is a Copy of ADM. 6.10 sec 3(c)
showing the mandatory language As inference that provides
indigent inmates postage for two non-privileged letters
per week and 5 privileged per Month, even if an
inmate is restrictive he shall have the same Rights to
write and receive mail pursuant Administration Dir. 10.7,
9.5 and 9.4 relating under first Amendment Right As
well As the Right not to be retaliated against for
exercising their Rights of Access to the Courts, were
the Plaintiff is entitled to A reasonable number of stamps
for legal mail and non-privileged mail which defendant
Counselor Gallick intentionally took Away obstructing
the Plaintiff Access to the Courts  Attached and marked
As exhibit 6 herein As inference is a Copy of the grievance
filed on 8/19/02 As inference of the wanton and
Reckless Actions of intention in violation against the
Plaintiff Rights.


2. The Grievance Attached and Marked As exhibit 6 herein As
inference in paragraph (1) filed on 8/19/02 received and reviewed
with A Reckless disposition was deliberately rejected by defendant

# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

CN 9601A
7-1-98

Inmate name _Luis Fernandez_

Inmate no. _279200_

Facility _Cheshire_

Housing unit _5B603_    Date _8-19-02_

☐ Line grievance    ☒ Line emergency    ☐ Health grievance    ☐ Health emergency

1. Informal resolution. Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached. Attached herein is a carbon copy of the request date 8-14-02 Addressed to counselor Garlock with actual response from request date 8-13-02 by him, but who did not responded to the need of personal hygiene and other needs Action possible.

2. Nature of grievance. Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8-1/2-by-11-inch sheet of paper and attach it to this form.) Nature of Grievance is do to the counselor Garlock wanton and reckless denial of basic elements of hygiene items and the deprovation of priviledged postage and non-priviledged postage to indigent inmate "Luis Fernandez" this writer. On August 12, 2002, this writer was moved from south 1 unit to south unit 6 cell 03 at approx. 6:00pm which left the writer no choice but to wait until tomorrow for request of soaps needed to shower. Tomorrow date 8-13-02 counselor Garlock responded this writer request denying him.

3. Action requested. Describe what action you want taken to remedy the grievance. Action Requested is the provision of 8-14-02 request for 2 social envelopes of that requested week plus this week 2 social envelopes which makes down and 4 legal envelopes in a total of 8 envelopes and 1 care package and 2 visa soaps for showering perpouse. In Remedy →

Inmate signature _[signature]_

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

## FOR OFFICIAL USE ONLY. LEVEL 1 REVIEW

IGP no. _125-2003-55_    T no.

Date received _08-19-2002_    Disposition _REJECTED_    Date of disposition _8/20/02_

Grievance issue _STATE ISSUED ITEMS FOR INDIGENT INMATES_

Reasons _YOUR GRIEVANCE IS REJECTED. PER ADMINISTRATIVE DIRECTIVE 9.6, INMATE GRIEVANCES, SECTIONS 3(A) AND 18, YOUR GRIEVANCE ISSUE DOES NOT CONSTITUTE AN EMERGENCY. THIS GRIEVANCE MAY BE RE-SUBMITTED AS A REGULAR GRIEVANCE WITH PROOF OF INFORMAL RESOLUTION. YOU ARE TO UTILIZE THE CHAIN OF COMMAND AND WORK WITH YOUR UNIT MANAGER ON THE LOCAL LEVEL. BE ADDITIONALLY INFORMED THAT THE LENGTH OF THE GRIEVANCE SHALL BE RESTRICTED TO THE SPACE AVAILABLE ON THE FACE OF THE GRIEVANCE FORM AND ONE (1) ADDITIONAL 8½ X 11 INCH PAGE. RECORDS INDICATE THAT YOU WERE PROVIDED WITH A TOOTHBRUSH, TOOTHPASTE, SOAP, A COMB AND SHAMPOO APPROX ON AUGUST 14, 2002. PRIOR TO THIS, THIS WRITER TALKED TO THE GRIEVANCE COORDINATOR DAY UNIT MANAGER HANNAH AND PROVIDED YOU WITH STATE ISSUED ITEMS._

Level 1 reviewer _[signature]_ _8/20/02_

C.C. Luis Fernandez    8/20/02

<u>Continue 2</u>

of shower for no reason at all just that this writer
is "not indigent" which made, this writer go without shower
for another Day. On August 14, 2002, when this writer
was called to pick-up legal mail he was approched by
Descipline Coordinator MS. AHMED who gave this writer
notice of the civilized standards of humane decency which
can not deprive a man of basic element of hygiene such
as soap, toothbrush or any other. MS. AHMED provided
this writer with a care package, but no Lisa soap, the care.
package includes only a hand soap not a bath soap, and request-
ed to write Counselor Galloch to provide this writer with
soap "Lisa" and that at this time he was approved by
the Warden Hecta Rodrigvez and herself to be Indigent,
but also made this writer signe his name on a Inmate
Account of his as a indication of Indigent.

On 8.14.02, the same date this writer was App-
roved Indigency, it was requested as enclose to Counselor
Gallick, to provide soaps and all the items needed to
properly have a adequate shower and 2 social envelopes and
1 legal envelop as pursuant to ADM. Dir. 10.7 (4) (D)
and D.O.C. ADM. Dir. 6.10 (3) (D), but his inaction have
led to this writer without access to the courts or social
letter depriving him of minimal civilized measure of
life's necessities, opportunity to shower, wash brush their
teeth etc. pursuant to Eighth Amendment requirment
that prisoner be protected from cruel and unusual punish-
ment when there is no justification for denying a man the

Ability to maintain his personal cleanliness Causing this writer to live, eat and sleep for approx. 5 days without shower or wash is too debasing and degrading to be permitted pursuant to ADm. Dir. 6.10; Also As rules and policy the Dept. of Correctional provides indigent inmates postage for two non-privileged letter per week and 5 privileged per month as define in ADm. Dir. 6.10 even if an inmate is restrictive he shall have the same rights to write and receive mail pursuant ADm Dir. 10.7, 9.5 and 9.4 reliing under First Amendment right As well As the right not to be retaliated Against for exercising their rights of Access to the courts.