## 3 Continue

1) That this Grievance be properly responded in writing and with the items mention pursuant Do.c. ADm. Din. 10.7, 6.10, 9.5 and 9.4.

2) Counselor Cortlock writer Explanation for the cruel and unusual punishment Against this writer which makes Absolutely no sense.

3) And Counselor Cortlock violation of D.O.C. Polices, including the D.O.C. ADm. Din. which is being Grievance pursuant D.O.C. ADm Din 9.6 be stated on his file and Disciplinary sanction upon him pursuant A.D. 2.6 Employee Disciplinary for violation of AD. 2.17 Employee Conduct and any other rules Apply too.

CN 9602
Rev. 1/8/02

# Inmate Request Form
## Connecticut Department of Correction

Inmate Name: Luis Fernandez

Inmate no.: 279900

Facility: Chestine

Housing unit: SB 603

Date: 8-13-02

Request: to be provided with the necessary items for maintaining Personal hygiene since my balance is $ 0.16 cents I cannot afford to purchase items in the commissary - the D.O.C. provides, as needed, toothbrush, toothpaste, "CnA" soap and shampoo were these items may not be removed from an inmate

*(continue on back if necessary)*

Previous Action Taken: I requested Counselor Gallick your personal for assistance in the matter mentioned above were I was ordered this day 8-13-02 to write a request, as I am complying enclose.

*(continue on back if necessary)*

Submitted to: Counselor Gallick

Date: 8-13-02

Acted on by:

Action Taken and/or Response:

NOT INDIGENT

*(continue on back if necessary)*

Response to Inmate Date

Staff Member Signature

C.C. Luis Fernandez # 279900

As punishment, This request Relies on D.O.C. ADM.
Dir. 6.10 (23) (A) And D.O.C. ADM. Dir. 6.10 (23)(B)
there is no legitimate health, Safety or Security Reasons
Please A writen Response And if not Also, Thank

you!

# Inmate Request Form
## Connecticut Department of Correction

CN 9602
Rev. 1/8/02

**Inmate Name** Luis Fernandez

**Inmate no.** 279900

**Facility** Cheshire

**Housing unit** SB 603

**Date** 8-14-02

**Request** for "Less soaps" and necessary items to meet. all my personal hygiene, further more I need your Assistance to provide my person with 1 legal envelope and 2 social envelopes, thank-you Please respond. —

*(continue on back if necessary)*

**Previous Action Taken** On a request dated 8-13-02 you respond dead with wanton and reckless, depriving this writer of adequate opportunities to shower is punishment for no reasons were civilized standards of human de cency do not permit a man to be deprived of basic elements of hygiene such as soap, toothbrush or any other just because you say "I am not Indigent", in-

*(continue on back if necessary)*

**Submitted to** Counselor Gallich

**Acted on by** **Date** 8-14-02

**Action Taken and/or Response**

*(continue on back if necessary)*

**Response to Inmate Date**

**Staff Member Signature**

C.C. Luis Fernandez # 279900

Counselor Gallich

Act of punishment Against my person for no reason At All. This writer states by requesting to be Assisted with 2 social envelopes and 1 legal envelop As pursuant to ADM. DiR 10.7 (4)(D) and D.O.C. ADn. Dir 6.10 (3)(c), the Dept. of correction shall provide indigent inmate like my person, Postage for two non privileged letter per week and for five privileged At this moment to access the courts.

I thank you, Please response in writing for any reason that you might believe of any other why I should be punished more.

## "D. Cause of Action"

Claim II continue (2)

- Warden Hector Rodriguez based on the same actual language of Meanful Action possible As it reads on 9.6 Sec. 3(A) "when meaningful Action or decision is possible" Attached and Marked As Exhibit B As inference is a copy showing ADM. Dir. 9.6 sec. 3(A) herein.

3. Moreover, defendant Warden Hector Rodriguez Added As grounds for Rejecting the Grievance Attached and Marked As Exhibit G in paragraph (i) of Claim II is a copy of the Grievance submitted with A perjury Statement which the Plaintiff submitts in the Complaint As inference Attached and Marked As Exhibit # 2 copys of Request date 5/21/02 and 6/17/02 received and Response by defendant Counselor Super. Unit Manager Hannah were she did not gave or Assisted with providing A care package and she only points or confirms that C.T.O. Wanda Booker, defendant is Responsible for the care package, Attached and Marked As Exhibit B As inference is A copy of the care package that is to be Provided see Claim (1) paragraph (1).

4. The defendant Warden H. Rodriguez, to show more Abuse of Authority with wanton and reckless. Risticted the space available on the face of the Grievance form Against the plaintiff in the Attached and Marked As Exhibit G As inference, is A copy of the Grievance form in paragraph (i) claim II showing the wanton and reckless restriction Against the plaintiff

| State of Connecticut Department of Correction | DIRECTIVE NUMBER 9.6 | EFFECTIVE DATE January 29, 2002 | PAGE 1 OF 8 |
|---|---|---|---|
| **ADMINISTRATIVE DIRECTIVE** | SUPERSEDES: Inmate Grievances – 8/16/99 | | |
| APPROVED BY 1/29/02 | TITLE: Inmate Grievances | | |

1. **Policy.** The Department of Correction shall provide a means for inmates to address grievances. The Inmate Grievance Procedure shall be an administrative remedy which enables the Department to resolve legitimate grievances in a timely manner, to identify individual and systemic problems, and to facilitate the accomplishment of its mission.

2. **Authority and Reference.**

   A. Connecticut General Statutes, Section 18-81.
   B. 42 United States Code 1997e.
   C. 28 Code of Federal Regulations 40.
   D. American Correctional Association, Standards for Adult Community Residential Services, Second Edition, August 1980, Standard 2-2154.
   E. American Correctional Association, Standards for Adult Probation and Parole Field Services, Second Edition, March 1981, Standard 2-3163.
   F. American Correctional Association, Standards for Adult Correctional Institutions, Third Edition, January 1990, Standard 3-4271.
   G. American Correctional Association, Standards for Adult Local Detention Facilities, Third Edition, March 1991, Standard 3-ALDF-3E-11.
   H. 1990 Americans with Disabilities Act.
   I. Administrative Directives 2.17, Employee Conduct; 6.10, Inmate Property; 6.14, Security Risk Group; 9.1, Population Management; 9.2, Inmate Classification; and 9.5, Code of Penal Discipline.

3. **Definitions.** For the purposes stated herein, the following definitions apply:

   A. **Emergency Grievance.** A grievance processed by expedited methods to resolve an issue which presents: (1) a threat of death or injury; (2) a threat of disruption of facility operations; or (3) a need for prompt disposition because the time is lapsing when meaningful action or decision is possible.
   B. **Grievance.** A written complaint filed by an inmate on the inmate's own behalf in accordance with the procedures stated herein.
   C. **Grievance Coordinator.** An employee of the unit designated to coordinate the Inmate Grievance Procedure.
   D. **Inmate.** A person in the custody of the Department of Correction to include those confined in a facility or under community supervision.
   E. **Unit.** An organizational component of the Department, including correctional institutions, correctional centers, detention centers, DWI units, community enforcement offices and the health services division.
   F. **Unit Administrator.** The person in charge of a unit specified in (E) above.

# Inmate Request Form
## Connecticut Department of Correction

recei____ CN 9602
5/23/02    Rev. 1/8/02

**Inmate Name** Luis Fernandez

**Facility** Cheshire

Housing unit NB118

**Inmate no.** 279900

**Date** 5/21/02

**Request** to eagerly send-out legal mail , Thank you

*(continue on back if necessary)*

**Previous Action Taken** Ms. U.M. Hannah , On 5/19/02 I directly spoke to you about the legal mail assistance that I need to mail , and since the counselor is not available I request to be provided with assistance on this serious matter. Thank you! ; I also wrote to Ms. Booker requesting care-package...

*(continue on back if necessary)*

**Submitted to** Unite Manager Hannah

**Acted on by** _____ **Date** _____

**Action Taken and/or Response** Your mail has been taken care of and I will notify CTO Booker that you need a care package.

*(continue on back if necessary)*

**Response to Inmate Date** 5/29/02

**Staff Member Signature** _____

C.C.: Unite Manager Hannah
Inmate: Luis Fernandez

# Inmate Request Form
## Connecticut Department of Correction

received 6/18/02

CN 9602
1/8/02

**Inmate Name** Luis Fernandez

**Inmate no.** 279900

**Facility** Cheshire

**Housing unit** NB118

**Date** 6/17/02

**Request** for Care-package and I am still Awaiting on the Report About the open mail that was given to me.

(continue on back if necessary)

**Previous Action Taken** to Unit Manager Hannah it is the 3rd time that I brong up the issue of the legal mail opend.

(continue on back if necessary)

**Submitted to** Unit Manager Hannah

**Date**

**Acted on by**

**Action Taken and/or Response** Refer to your request dated 6/10/02

(continue on back if necessary)

**Response to Inmate Date** 6/28/02

**Staff Member Signature**

C.C.: Unite Manager Hannah
Inmate: Luis Fernandez #279900

· Claim II continue (4) "D. Cause of Action"

- Just because the plaintiff had previously participation in the Inmate Grievance Procedure the defendant Hector Rodriguez Warden cannot make the plaintiff suffer negative consequences such as denial or limitation of access to any privilege, service or program per Administrator Dir. 9.6 sec. 22 and Administrative Dir 2.17, Employee Conduct, Attached and marked herein as exhibit I as inference showing a copy of ADM. DIR. 9.6 sec. 22 were it reads Reprisal Against Inmates.

5. The defendant's (Counselor Gallick, Warden Hector Rodriguez, C.T.O. Wanda Booker and C.S. Unit Manager Hannah and Grievance Coordinator Ahmed) failure to adhere to Administrative Directives of D.O.C. guidelines itself Constituted a violation of Due Process were Administrative Regulations promulgated to protect Constitutional Rights is itself a violation of Due Process when deprived the plaintiff singal a state created liberty interest entitled to federal due process protection.

6. The Plaintiff had/have a first Amendment right to petition the government for redress of grievances Against state Officers who violated Administrative Dir. policy on rules of D.O.C.

7. The defendants wanton and Reckless obstruction of a Prisoner's right to seek redress of grievances is precisely the

| DIRECTIVE NO. 9.6 | EFFECTIVE DATE January 29, 2002 | PAGE OF 8    8 |
|---|---|---|
| TITLE | Inmate Grievances | |

reviewer. Grievance Coordinators involved in the disposition of a grievance shall have access to records and information essential to the resolution of the grievance. This section shall not be cause for immunity from disciplinary action based on statements made in a grievance.

21. **Reprisal Against Staff.** No staff member who participates in the resolution of a grievance shall be affected negatively for participation in the solution of a grievance.

22. **Reprisal Against Inmates.** In accordance with Administrative Directive 2.17, Employee Conduct, no inmate shall suffer negative consequences such as denial or limitation of access to any privilege, service or program offered by the unit either formally or informally for good faith use or participation in the Inmate Grievance Procedure.

23. **Monitoring and Evaluation.** The Unit Administrator shall conduct an evaluation of the Inmate Grievance Procedure in November of each year. Inmates and employees shall be afforded an advisory role in the evaluation which shall include a review of both the effectiveness and credibility of the Inmate Grievance Procedure and recommendations for revision. An annual report shall be presented to the Commissioner by July 31 of each year. The report shall include the findings and recommendations of the evaluation process, statistical data regarding the number and type of grievances, types of dispositions and level of disposition, sample responses from each level, remedies granted, and evidence of compliance with time limits at each level of decision.

24. **Exceptions.** Any exception to the procedures in this Administrative Directive shall require prior written approval from the Commissioner.

## "D. CAUSE OF ACTION"

CLAIM II Continue (7)

→ the sort of oppression that section 1983 is intended to Remedy.

8. The Liberties safeguarded by the Bill of Rights Applies with equal force to the plaintiff Right to seek Redress from All branches of government were defendants Actions of inactions Omitted And Reckless disregards of Rules, Policies And procedures Known of OR what was obvious Caused several civil Rights violations.

9. The Plaintiff further filed the Required Appeal form on 8/23/02 Attached And Marked herein As exhibit L do to the Alleged or evidence which shows that precepts set forth by Adm. Dir. 9.6 have been violated, An investigation should be conducted into the scope And nature of the violations but Again staffs ignored And failed to respond to the Inmate Grievance Form B, level 2 And 3 As specified by Adm. Dir. 9.6.

Date: March 12, 2003

Respectfully Submitted

Luis Fernandez, Plaintiff
# 279900

# Inmate Grievance Form B, Levels 2 and 3
## Connecticut Department of Correction

CN 9601
1-14-94

| Inmate name | Luis Fernandez | Inmate no. 279900 |
|---|---|---|

| Housing location | SB 603 | Date 8/23/02 |
|---|---|---|

☐ Line grievance  ☒ Line emergency  ☐ Health service grievance  ☐ Health emergency

| IGP no. 125-2003-55 | T no. |
|---|---|

Use this form to appeal a Level-1 decision. Grievance Form A (for Level 1) and any attachments must accompany this form; no review will be undertaken if they do not accompany this form. Your appeal must be filed within 5 days of the Level-1 response; deposit it in the box for inmate grievances.

Appeal. I am appealing the Level-1 decision because: the inmate level 1 Emergency grievance Submitted and Mailed to an Emergency for expediting resolution pursuant ADM.DIR 9.6 18 (b) Expedited process is upheld under Emergency grievance Informal resolution pursuant ADM. DIR. 9.6 sec. 9 has been Already —D

| Inmate signature | _(signature)_ | Date 8/23/02 |
|---|---|---|

### FOR OFFICIAL USE ONLY
### LEVEL 2 REVIEW

| Date received | Disposition: | Date of disposition |
|---|---|---|

Reasons:



Level-2 reviewer

☐ This grievance may be appealed within 5 days to Level 3.

☐ This grievance may not be appealed to Level 3 (see Administrative Directive 9.6, Section 17).

Appeal. I am appealing the Level-2 decision because:



| Inmate signature | Date |
|---|---|

### Deposit your appeal in the box for inmate grievances.

### FOR OFFICIAL USE ONLY
### LEVEL 3 REVIEW

| Date received | Disposition: | Date of disposition |
|---|---|---|

Reasons:



Level-3 reviewer

exhausted by unit's Grievance Coordinator AHMED who provided this writer with a carepackage notifying this writer on 8/14/02 that he cannot be deprived from basic element of hygiene or any other while at any D.O.C in Connecticut since the account reflex $0.16 C and plus 90 days have passed which this writer is consider Indigent. The D.O.C. carepackage provided to this writer by unit's Grievance Coordinator AHMED contain hand soap, a small shampoo, small toothpaste and toothbrush not a "comb" or niether a Razor to shave. The reviewer WARDEN Hector Rodriguez failed to provide adequate review or supervision of the issue under ADM. Dir. 9.6 3(A) where the Grievance level 1 date 8/14/02 submitted as Emergency is based on the expedited methods to resolve an issue under ADM. Dir. 9.6 3(A)(3) which presents a need for prompt disposition because decission is possible. What this writer stated to unit's Grievance Coordinator AHMED on 8/14/02 was and quote "I (this writer) have to go threw the same problems here in South block As the one with unit Manager HANNAH in providing Assistance with hygene on state items."

Wherefore, there should be no justification for denying this writer to be provided with a carepackage nor suffer negative consequences such as denial and limitation of access to any privilege under ADM. Dir. 9.6 sec. 22 and ADM. Dir. 2.17 Employee conduct which this writer Appeal should be upheld pursuant 9.6 sec. 7(c) remedy As to enforcement of existing policy and procedure where an investigation should be conducted into the scope and nature of the violations.

## E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? ____Yes  ✓ No. If your answer is "Yes," describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits using this same format on a blank sheet which you should label "E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF.")

a. Parties to previous lawsuit:

Plaintiff(s):_____

Defendant(s):_____

b. Name and location of court and docket number_____

c. Disposition of lawsuit. (For example, was the case dismissed? Was it appealed? Is it still pending?)

_____

d. Issues raised:_____

_____

e. Approximate date of filing lawsuit:_____

f. Approximate date of disposition: _____

2. I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part D.  ✓ Yes ____No.

If your answer is "Yes," briefly describe how relief was sought and the results.

Relief was sought in form of Grievance and the results were denied.

3. I have exhausted available administrative remedies ___✓___ Yes ____ No.
   If your answer is "Yes," briefly explain the steps taken. Attach proof of exhaustion.
   If your answer is "No," briefly explain why administrative remedies were not exhausted.

the administrative remedies were sought in form
of Grievance Attached and marked to exhibit A
and G herein the Complaint D. Cause of Action.

## F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS

1. If you are incarcerated and proceeding under 28 U.S.C. § 1915, please list each civil action
or appeal you have brought in a court of the United States, while you were incarcerated or
detained in any facility, that was dismissed as frivolous, malicious, or for failure to state a claim
upon which relief may be granted. Please describe each civil action or appeal. If there is
more than one civil action or appeal, describe the additional civil actions or appeals using this
same format on a blank sheet which you should label "F. PREVIOUSLY DISMISSED
ACTIONS OR APPEALS."

   If you are not incarcerated, go to section G.

   a. Parties to previous lawsuit:

Plaintiff(s):_____

Defendant(s):_____
_____

   b. Name and location of court and docket number _____
_____

   c. Grounds for dismissal:  ( ) frivolous ( ) malicious ( ) failure to state a claim upon which
relief may be granted.

   d. Approximate date of filing lawsuit:_____

   e. Approximate date of disposition: _____

2. Are you in imminent danger of serious physical injury? ___✓___ Yes ____ No.
   If your answer is "Yes," please describe the facts in detail below without citing legal
authority or argument. D.O.C. officials might retaliate against
my person by either Abusing there authorities as
officals or Transfering to another facility without
my consent so that my life be threaten, further
more taken.

## G. REQUEST FOR RELIEF

I request the following relief:

For A Declaratory Judgement, claim for Relief, Issue An injunction and Money changes see Attached incorporated herein And Request the Court with respect to take this Matter serious and Act on it since my Constitutional Rights been violated. were defendant are being "sued in individual and official capacities.

## H. JURY DEMAND

Do you wish to have a jury trial? Yes_____  No_____

_____
Original signature of attorney (if any)

_____
Plaintiff's Original Signature

_____

_____

_____
Attorney's full address and telephone

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at Cheshire C.I. Cheshire CT on March 12, 2003
(location)                          (date)

_____
Plaintiff's Original Signature

7

# "6. Request for Relief"

Request for Declaratory Judgement Stating that;

1) The Acts committed and Omitted by the defendants deprive the Plaintiff from civilized standards of human decency inflicting cruel and unusual punishment.

2) That defendants held an Affirmative duty to promulgate the policy, Procedure and custom carried out on the Dept. of Correctional, knowing of or should have known that the plaintiff was being deprived of Necessary basic elements of hygiene in violations of the Eighth Amendment, ban cruel and unusual punishment by deliberate indifference Regarding the deprivation about which the plaintiff is complying.

3) Cause the Plaintiff loss of Liberty interest by the defendants failure to promulgate the policy, Procedure and Custom carried out on the Dept. of Correctional deprived the plaintiff of the equal Protection of Law.

4) The defendants deliberately and knowingly, intentionally disregarded the minimal civilized measure of life's necessities submitted on the Grievance Forms showed deliberate indifference by deliberate Action and inaction of A culpable mind under the violation of Eighth Amendment.

5) Defendants Omitted and Reckless Action of inaction to Promulgate under the Administrative Procedure to creat A Liberty interest violative to the Due Process Clause.

"6. Request for Relief"

A. Request for Declaratory Judgement stating that:

6) Defendants arbitrarily ignored the fair Procedure and mandatory language in the Dept. of Correctional Regulation create liberty interest that protects the plaintiff under the DUE PROCESS Clause which defendants are not free to depart.

7) the defendants failure to adhere to ADM. regulation promulgated to protect Constitutional Rights is itself a violation of DUE PROCESS.

8) the ADM. Dir. 6.10 provide the items for an Inmate Ability to maintain his personal cleanliness as requirement to D.O.C. State Regulations 6.10 and such failure violates the 8th amendment that a prisoner be protected from cruel and unusual punishment, when there is no justification of deprivation.

9) the deprivation for denying the plaintiff to live, eat and sleep for days without shower or wash is too debasing and degrading to be permitted under D.O.C. ADM. Dir. 6.10 and pursuant to the 8th amendment and the inadequacy result of the Redress Grievance arbitrarily ignored by the defendants violate first amendment, when Staff Employee(s) Assistance must be provided in good faith and in the best Interest of the Inmate.

10) the defendants reckless to comply with Administration

"G. Reques for Relief"

Request for Declaratory Judgement Stating that;

Continue 10) proceedings According to 9.6 and 6.10 inflicting punishment by depriving the minimal civilized measure of life's NECESSITIES violating the Eighth Amendment and the omitted Actions of inAction to denied Access to th courts violate the Liberty Interest protected under Due Process Clause.

Respectfully Submitted,

by: _____

Luis Fernandez
ID. No. 279900

"6. Request for relief"
Issue declaratory Judgement stating that;

1) The Warden and Grivance Coordinator failed to correct the Administration Dir. 6.10 violations in the redress of Grievance submitted persuant to Adm. Dir. 9.6. within their own responsibility while they knew or should have known about them and are liable for failing to make a policy, Procedure, custom to prevent Predictable violations of its prisoner's rights under State law.

2) The Municipal Dept of Correction Cheshire Correctional Institute lack of custom procedures to ensure proper process on Administration Directives Applications supports Warden of Correction liability.

3) Municipal officials failure to train its officers such failure amounted to deliberate indifference to the plaintiff's Rights is held liable under § 1983, Also when evidence of deliberate indifference training, discipline, and supervision of its officers resulting in cruel and unusual punishment to the Plaintiff deprivations of the minimal civilized standards of human needs are liable under § 1983 while acting persuant to an official policy.

4) The Municipal Dept of Correction Cheshire, Cheshire officials breached statutory duties to protect its prisoners from fraudulent Proceedings are held liable under 42 U.S.C. § 1983 for their Omission.

"G. Request for Relief"

Issue declaratory Judgment stating that;

5) the Warden as the fact that as the official designated to review prisoner's Grievances, is liable in changes for his inaction in curing the deprivation of hygene of which he was aware.

6) the Warden lack of knowledge of the failure of other officials to ensure Plaintiff's constitutional rights with a lack of duty on his part to assume that the proceeding were constitutionally sound and as the official designated to review prisoner's Grievances, he had a duty to conduct at least determine wether there was any merit to the Plaintiff deprivation of hygene.

7) the Municipality had a duty to promulgate regulations to protect their prisoner's rights from Reckless deprivation of hygene which by their failure to do so are liable.

8) the defendants omitted and Reckless actions of inactions in obstructing access to the Court in violation of Plaintiff rights are liable.

9) the defendants failure to follow ensure and uphold institutional and constitutional regulations as written under administrative Directive 6.10 and 9.6 of Due Process clause and Eighth Amendment ban cruel and unusual punishment requirements constituted liability.

"G. Request for Relief"

Issue A Declaratory Judgement stating that;

10) the defendant's failure to adhere to Adm. Dir. of D.O.C. guidelines itself constituted a violation of due process were Administrative regulations promulgated to protect Constitutional Rights is itself a violation of Due Process when deprived the plaintiff singal a state created liberty interest entitled of federal due process protection.

11) The Plaintiff had a first Amendment Right to petition the government for redress of grievances Against the defendants who violated Adm. Dir. policy, rules and procedures of D.O.C. Are liable.

12) the Plaintiff held a Constitutional Liberty interest to have the equal protection of the law pursuant to and under 1 & 14 Amendment to the U.S.C. while being equally situated as other Prisoners of the state.

13) Municipal officials held an Affirmative duty to Supervise enforce and ensure the Dept of Correction Policy on discrimination Against its prisoner's Similarly situated and failed to do so when its officers made deliberate misrepresentations of facts And failed to correct the denial by omissions that were intended to inflict punishment by depriving the Plaintiff of equal protection of the law because of his race discriminating Against plaintiff in violation of its own Dept. practice, procedure and regulation.

14) Any other Declaratory Judgement that the court finds Appropriate.

# 6. Relief Requested

Claim for Relief:

1) The Actions of defendants Wanda Booker, Hannah, Gallock and Ahmed in depriving the plaintiff of the minimal civilized measure of life's necessities without need or provocation, or in failing to provide the basic items of human need to keep a clean Hygene, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the U.S.C.

2) The Actions of defendants Hannah, Wanda Booker, Gallock and Ahmed in depriving the Plaintiff of the minimal civilized measure of life's necessities without need or provocation constituted the violation of the plaintiff Liberty interest protected by the due process clause of the federal Constitution, were the wanton and reckless Actions of inactions to promulgate under the Adm. Procedure to create a liberty interest violative to the Due Process Clause.

3. The failure of defendant Hector Rodriguez to take disciplinary or other action to curb the known patter of deportation of the basic items of human need to keep a clean hygiene, and the minimal civilized measure of life's necessities Abuse of plaintiff by defendants Wanda Booker, Hannah, Ahmed and Gallock constituted deliberate indifference, and Contributed to and proximately caused the Abuse described violation of 8th Amend. Rights and First Amed. Right not be Retaliated Against for exercising their Rights of Access to the Courts.

Claim for Relief:    "6. Relief Requested"

4) Municipal officials Actions of inadequate training Supervision and discipline of its officers that caused the Plaintiff deprivation of basic hygiene, while the Municipal officials had Actual Knowledge of the risk to the plaintiff Right to Equal protection of law being violated Constituted deliberate indifference when Municipal officials Knew or should have Know of their Employees were putting fourth fraudulent Reviews and had A history of doing so while the duties of Municipality include Supervising its Employees so as to protect Prisoner's from irreparable harm the deliberate indiffenu shows that officials should have Known About these Risks that caused the Plaintiff harm and Constituted violation Eighth Amendment ban Cruel and unusual punishment by deliberate indifference.

5) The Actions of defendants Hannah, wanda Booker, Gallick and Ahmed inaction to preform their dutys cause the deprivation of Plaintiff hygiene, As shower, wash brush his teeth, Access to the Courts or social letter pursuant to the requirements of Administration Dir. 6.10 mandatory language in violation of Plaintiff liberty interest, Due Process Clause, furthermore, defendants should have Known of or Knew About these Risks so as to protect the Plaintiff from irreparable harm or distress Constituted violation of Eighth Amendment ban of cruel and unusual punishment by deliberate indifference.

Claim for Relif:                "6. Relief Requested"

6) The Actions of defendant Hector Rodriguez in refusing
to promulgate administrative Dir. rules, policy and procedures
of D.O.C. Cheshire, knowing of or should have known
of the harm inflected against the plaintiff by deliberate
indifference constituted violation of Eighth Amendment to
the U.S.C. ban cruel and unusual punishment.

7) The Actions of defendants AHMED and Hector Rodriguez
denial to promulgate in a procedural proper manner as it
Contains in ADM. Dir. 9.6 Mandatory language or further
Assum their dutys violating the Order and safety of serious
Concerns that implicates Prison's Grievance rules and requires
in view that the plaintiff had a liberty interest protected under
the Due Process Clause so as to protect from the hygiene
deprivation endurance that the Plaintiff endured depriving
him of Equal protection of law.

8) The Actions of defendant Hector Rodriguez disposition
denial of Grievance with false statements Alleged perjury
in violation of 18 U.S.C. sec. 1621 FED Act.

Issua an injunction Ordering:

1) Municipal officials to have their officer Employee's investiga-
ted by State grandjury for investigation and indictment Pursuant
under 53a - 157 perjury.

## "G. Relief Requested"

Q. Issue an injunction ordering:

2) The suspension of defendants Wanda Booker, Hannah, Gallick and Ahmed without pay for 30 days and remain on suspension until disciplinary charges are resolved.

3) The Immediate Demotion of Commissioner John J. Armstrong for failing to manage his municipal employees Pursuant to its own policy, Procedures, customs, and state statues for violations thereof. Pursuant to the Due Process Clause governing the Municipal Dept of Correctional CHeshire of Cheshire, Connecticut.

4) The Immediate Demotion of Warden Hector Rodriguez from Acting capacity as a Warden for the Dept. of Correctional Cheshire At Cheshire, CT. for failing to Supervise and enforce policies and state regulations on the Process Due before deprivation of the minimal Civilized necessities of basic hygiene.

5) The Immediate Demotion of defendants Ahmed, Wanda Booker, Gallick and Hannah After the disciplinary Changes Are resolved from Acting capacities from Grievance Coordinator, C.T.O, Counselor and Counselor Supervisor Unit Manager for failing to Adhere to Administrative Regulations promulgated to protect Constitutional Rights is itself a violation of the Due Process Clause.

## "6. Relief Requested"

D. Issue an injunction Ordering:

(6) Immeditely Order writ of Attachment for lien notice Against the earning, bank assets, holdings of All property buisnesses, inheritanes, belongings to defendants until case is resolved.

7) Immediately Arrange for a restrain Order Against the defendants from retaliating, threatening, harming or depriving the plaintiff of Any privilges pursuant to Administration Directives, State and constitutional law while being currently incarcenated.

E. Award Compensatory Damages in the following Amounts:

1. $ 600,000 oo Jointly and severally against defendants Wanda Booker, Hannah, Gallick and Ahmed for the physical, Emotional injuries and Mental Anguish sustained As a result of the defendants denial and deprivation of plaintiff Endurance without the Minimal civilized measures of life's necesities.

2. $ 900,000 oo against defendants John J. Armstrong official capacity for the punishment physical Emotional and Mental Anguish sustained by injury resulting from the defendants Acts of Discrimination because of his race in connection with the plaintiff Endurance without the basic items of human need to keep a clean hygiene

3. $ 800,000 oo Jointly and severally against defendants Warden Hector Rodriguez and John J. Armstrong for the punishment and physical Emotional Mental Anguish sustained by injury resulting from defendants. Cruel and unusual punishment by deliberate indifference under Eighth Amend in connection with the plaintiff Endurance without the basic items of human need to keep A

→

Continue (3) clean hygiene and the minimal civilized measure of life's necessities.

F. Award punitive damages in the following amounts:

1. $ 200,000⁰⁰ each against defendants Gallick, Wanda Booker, and Hannah;

2. $ 300,000⁰⁰ each against defendants Ahmed and Hector Rodriguez;

3. $ 200,000⁰⁰ against defendant John J. Armstrong & D.O.C.

Grant such other relief as it may appear that plaintiff is entitled.

Date: March 12, 2003

Respectfully Submitted,

_____

Luis Fernandez
Plaintiff
900 highland Ave.
Cheshire, CT. 06410