```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT
```

LUIS FERNANDEZ

                                                      PRISONER
     V.                     CASE NO. 3:02CV2252 (CFD)(WIG)

JOHN ARMSTRONG, ET AL.

## RULING ON PENDING MOTIONS

Pending before the court are the plaintiff's motions for appointment of counsel and motion for exception. For the reasons set forth below, the motions for appointment of counsel are denied and the motion for exception is granted.

The plaintiff has filed a motion entitled "Motion for Exception" in which he asks the court to review his papers without regard for technicalities. Defendants oppose the motion on the ground that a liberal reading of his papers does not relieve plaintiff from the requirement that he state a claim upon which relief may be granted.

The court liberally construes all papers submitted by pro se litigants and does not hold them to the same standard as a trained attorney. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Thus, the plaintiff's motion for exception is granted to the extent that the court will construe his papers liberally, just as it does all papers submitted by pro se litigants. This practice, however, does not relieve the plaintiff from the requirement that his complaint must state a claim upon which

relief may be granted and that he must respond to all motions in accordance with the federal rules of practice and notices issued by the court.

The plaintiff also seeks an appointment of <u>pro</u> <u>bono</u> counsel in this action pursuant to 28 U.S.C. § 1915.  The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel.  See <u>Hodge v. Police Officers</u>, 802 F.2d 58, 61 (2d Cir. 1986), <u>cert.</u> <u>denied</u>, 502 U.S. 996 (1991).

Although the plaintiff has provided evidence that he has made sufficient attempts to secure the representation of counsel, he does not indicate that he has made any recent attempts to contact the Inmates' Legal Assistance Program with respect to questions he may have concerning this case.  Although Inmates' Legal Assistance may not be able to represent the plaintiff in this action, the program is available to assist the plaintiff in answering questions concerning discovery issues, researching legal issues, and drafting motions and memoranda.

The possibility that the plaintiff may be able to secure legal assistance independently precludes appointment of counsel by the court at this time.  Accordingly, the plaintiff's motions for appointment of counsel are denied.

Conclusion

The Motion for Exception [**doc. # 46**] is **GRANTED** to the extent that the court will construe plaintiff's papers liberally,

just as it does all papers submitted by pro se litigants.  The Motions for Appointment of Counsel [**docs. ## 44, 51**] are **DENIED**.

SO ORDERED at Bridgeport, Connecticut, this 24th day of March, 2005.

/s/ William I. Garfinkel
William I. Garfinkel
United States Magistrate Judge
