UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Luis Fernandez          :     Case: 3:02CV2252(CFD)(WIG)
V.                      :
J.J.Armstrong, et al    :     May 18, 2006

PLAINTIFF RESPONSE AND OBJECTION TO MEMO IN OPPOSITION FOR LEAVE TO TAKE DEPOSITION PENDING APPEAL

Pursuant to Rule 27(4)(a)(c) the plaintiff can seek deposition of the five defendants, all present or former officials of the Connecticut Dept. of Correction and this deposition request by the plaintiff is consistent with the rules of evidence were in this case the district court has denied appointment of counsel to aid plaintiff with his discovery and defendants did not comply with discovery Rule(s). The Court must allow the deposition requested.

This Response and Objection is made on the grounds that:

1. The Court can find that the perpetuation of the testimony is proper to avoid a failure or delay of justice.

2. The plaintiff request is not late were in this case an appeal has been taken from a judgment of the district Court and before the taking of an appeal time has not expired pursuant Rule 27(4)(b).

3. The plaintiff pro-se has bin denied his request for appointment of Counsel see docket record, and the ability to conduct an oral deposition can take place in the Prison according with Rules of Civil Procedure and a Court order.

4. The plaintiff pro-se has bin granted I.F.P. and moved for appointment of Counsel on appeal with this district Court that can consider or seek appointment of Counsel to aid plaintiff with the depositions since defendants are concern about an inmate "displys", "assurance", and "ability" to conduct deposition in accordance with the Rules of Civil Procedure.

5. This deposition practice has bin approved in <u>Richer</u> v. <u>Union Trust Co.</u>, 1885, 5 S.Ct. 1162, 115 U.S. 55, 29 L Ed. 345, by extending the right to perpetuate testimony to cases pending an Appeal, such as this one.

6. Rule 27(4)(c) does not limit the power of a Court to entertain an action to perpetuate testimony were the District Court has jurisdiction.

7. The District Court should consider the fact of defendants Armstrong, et al failure to comply with Rule 26 duty of disclosure which requested deposition is fair and just.

Wherefore, an injustice will be done unless the District Court grants the process for leave to take Deposition Pending Appeal.

Respectfully Submitted,

Luis Fernandez
1153 East St. South,
Suffield, CT 06080

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following defendants Attorney on this 18 day of May, 2006:

ATT. Robert F. Vacchelli,
110 Sherman St.,
Hartford, CT 06105

Luis Fernandez